## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MERLE L. ROYCE,<br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. NEEDLE,<br>AMARI COMPANY, INC.,<br>BRADLEY M. GRIFFIN, INC.<br>CHAMBERLAIN INDUSTRIES, INC.<br>f/ka/ ROBERT CHAMBERLAIN dba<br>A1 FACTORY DIRECT CARPET,<br>COMPSOLUTION VA, INC.,<br>DePATCO, INC.,<br>GIGS, L.L.C.,<br>LEE GILBERT d/b/a GILBERT-AMERICAN<br>COMPANIES,<br>JAMES SHURTLEFF, assignee of GUNNISON<br>METAL SHOP, INC.,<br>HANDLEY COMMERCIAL HVAC, LLC,<br>assignee of HANDLEY HEAT & AIR,<br>INDUSTRIAL RESOURCE GROUP, L.L.C.,<br>INTEGRATED SIGN AND GRAPHIC, INC.,<br>JOHN CARDULLO & SONS, INC.,<br>JRP CONSTRUCTION, L.L.C.,<br>KYLE ROBINSON d/b/a KYLE'S DISCOUNT<br>STUFF,<br>TRING CORPORATION,<br>TRINKS BROTHERS, L.L.C.,<br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>NO. _____ |

## COMPLAINT FOR INTERPLEADER

Plaintiff, MERLE L. ROYCE ("Royce") by and through his attorneys, complains as follows:

### Nature of Action

1.    This is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure, and alternatively pursuant to 28 U.S.C. § 1335. This interpleader action

1

requests that the Court determine the allocation of the settlement proceeds held (with more such proceeds expected to be deposited in the future) in an escrow account as to (1) the aggregate amount to which the sixteen Amari Suit Plaintiffs (each named as a defendant herein) are collectively entitled pursuant to the October 6, 2008 Contingent Fee Agreement attached as Exhibit 1 (hereinafter "Contingent Fee Agreement"), (2) the amount of aggregate attorneys fees to which plaintiff herein Merle L. Royce ("Royce") and defendant herein Michael J. Needle ("Needle") are collectively entitled pursuant to the October 6, 2008 Contingent Fee Agreement, (3) the amount of expenses for which Royce and Needle are each entitled to be reimbursed pursuant to the October 6, 2008 Contingent Fee Agreement, and (4) the division of the foregoing attorneys fees between Royce and Needle pursuant to their November 17, 2009 Fee Agreement attached as Exhibit 2 (hereinafter "Royce/Needle Fee Agreement").

2.      The settlement was in connection with a prior suit captioned as *Amari Inc. et. al. v. John Burgess, et. al.*, Civil Action No. 07 CV 1425, Northern District Of Illinois, Eastern Division, a R.I.C.O. action filed on or about March 13, 2007 ("the Amari Suit"), and certain related suits in the Nineteenth Judicial Circuit, Lake County, Illinois ("Lake County collection actions") and the Circuit Court of Cook County, Illinois. The settlement was reached at a settlement conference on November 14, 2013 conducted in the Amari Suit by the Honorable Judge John J. Tharp.

3.      By order dated December 10, 2013, Judge Tharp dismissed the Amari Suit as a result of a written November 2013 Settlement Agreement between the parties thereto ("Settlement Agreement"), dismissing the defendants John Owen,  Kenneth Sweet, and Dean Kalorimis with prejudice and defendants John Burgess, Tyler Burgess and Greg

Steinberg without prejudice, and further noting that the parties "stipulate that that the dismissals without prejudice shall convert to dismissals with prejudice as set forth in the Settlement Agreement."

### The November 2013 Settlement Agreement

4.     At the time of the Settlement Agreement and dismissal of the Amari Suit, there were sixteen plaintiffs in the Amari Suit (other plaintiffs in the Amari Suit having been previously dismissed from the case), all represented by both Royce and Needle. The Amari Suit and related suits were settled through the Settlement Agreement executed in or about November 2013 by and between the sixteen plaintiffs or their assignees (hereinafter "the Amari Suit Plaintiffs"), and the Amari Suit defendants John Burgess, Tyler Burgess and Greg Steinberg (hereinafter the "Amari Suit Defendants").

5.     The Settlement Agreement has certain confidentiality provisions. As a result, plaintiff will not disclose in this Complaint certain purported confidential provisions of the Settlement Agreement that have not already been made public, including the amount of settlement, but will seek leave to file the Settlement Agreement under seal subject to further ruling by the Court.

6.     Under the Settlement Agreement, the Amari Suit Defendants agreed to pay a lump sum settlement amount, payable in periodic installment payments of specified amounts to an account in the name of "Merle L. Royce, Escrow Account Amari Plaintiffs", at the Northern Trust Bank located in Chicago, Illinois ("Escrow Account"). Some installment payments have already been made and deposited to the Escrow Account and more are due to be made in the future.

7.      At the time of the settlement, both plaintiff Royce and defendant Needle represented the Amari Suit Plaintiffs in the Amari Suit.

### The Parties

8.      Plaintiff Royce is an attorney, domiciled in and a citizen of the State of Illinois.  Royce began representing the Amari Suit Plaintiffs in the Amari Suit in November 2009 and continues to represent fifteen of them (all but John Cardullo & Sons, Inc. ) for purposes of enforcing the Settlement Agreement (but does not represent them, as more fully set forth below, for purposes of the instant interpleader action).

9.      Defendant Needle is an attorney, domiciled in and a citizen of the State of Pennsylvania.  In October 2008, Needle began representing the Amari Suit Plaintiffs and other later-dismissed plaintiffs in the Amari Suit.  Needle asserts that he had previously represented the Amari Suit Plaintiff John Cardullo & Sons, Inc. ("Cardullo") beginning in or about 2003 in other litigation that predates the Amari Suit.

10.     In or about April 2014, subsequent to the execution of the Settlement Agreement and the dismissal of the Amari Suit, all of the Amari Suit Plaintiffs except for Cardullo discharged and terminated Needle as their attorney but without any intent or purpose to deprive Needle of his rightful attorneys fees and expenses under the Contingent Fee Agreement.  Upon information and belief, Needle continues to represent Cardullo for purposes of Amari Suit matters, if not other purposes as well.  Effective August 4, 2014, Royce resigned as attorney for Cardullo for any purpose.

11.     All of the sixteen Amari Suit Plaintiffs who executed the Settlement Agreement or their assignees are named as defendants herein.  They are as follows:

4

(a).     Defendant Amari Company, Inc. ("Amari") is a corporation incorporated under and maintains its principle place of business in the State of New Hampshire and is a citizen of that State.

(b).     Defendant Bradley M. Griffin, Inc. ("Griffin") is a corporation incorporated under and maintains its principle place of business in the State of Texas and is a citizen of that State.

(c).     Defendant Chamberlain Industries, Inc. (f/k/a Robert Chamberlain d/b/a Al Factory Direct Carpet) ("Chamberlain") is a corporation incorporated under and maintains its principle place of business in the State of California and is a citizen of that State.

(d).     Defendant Compsolution VA, Inc. ("Compsolution") is a corporation incorporated under and maintains its principle place of business in the State of Virginia and is a citizen of that State.

(e).     Defendant DePatco, Inc. ("Depatco") is a corporation incorporated under and maintains its principle place of business in the State of Idaho and is a citizen of that State.

(f).     Defendant GIGS L.L.C. is a limited liability corporation whose members are Michelle Harris and Michael Plisiello, both of whom are domiciled in and citizens of the State of Massachusetts.

(g).     Defendant Lee Gilbert d/b/a Gilbert-American Companies is an individual domiciled in and a citizen of the State of Texas.

(h).     Defendant James Shurtleff is the assignee of Gunnison Metal Shop, Inc. and is an individual domiciled in and a citizen of the State of Colorado.

(i).     Defendant Handley Commercial HVAC, LLC is a limited liability corporation whose members are Jeff Handley and Lisa Handley, both of whom are domiciled in and citizens of the State of Missouri.  Handley Commercial HVAC, LLC is the assignee of the claim of the initial plaintiff Handley Heat & Air, a sole proprietorship. The Settlement Agreement mistakenly designated Handley Heat & Air, Inc. instead of Handley Commercial HVAC, LLC as the proper party.

(j).     Defendant Industrial Resource Group, LLC ("Industrial Resource") is a limited liability corporation. Its sole member is Vince Naccarato who is domiciled in and a citizen of the State of Indiana.

(k).     Defendant Integrated Sign & Graphic, Inc. is a corporation incorporated under and maintains its principle place of business in the State of Kentucky and is a citizen of that State.

(l).     Defendant John Cardullo & Sons, Inc. ("Cardullo") is a corporation incorporated under and maintains its principle place of business in the State of Pennsylvania and is a citizen of that State.

(m).     Defendant JRP Construction, L.L.C. is a limited liability corporation.  Its members are Jodi and Russell Pool, who are both domiciled in and citizens of the State of Arizona.

(n).     Defendant Kyle Robinson d/b/a Kyle's Discount Stuff is one of two partners of Kyle's Discount Stuff, a partnership, the other being Jean Boswell.  Both individuals are domiciled in and citizens of the State of Kansas.

(o).     Defendant Tring Corp. ("Tring") n/k/a East Union Liquidation Corp. is a corporation incorporated under and maintains its principle place of business in the State of Ohio and is a citizen of that State.

(p).     Defendant Trinks Bros. L.L.C. is a limited liability corporation. Its sole member is Ron Trinks who is domiciled in and a citizen of the State of Connecticut.

12.     Royce does not represent any of the Amari Suit Plaintiffs, all defendants herein, for purposes of the instant interpleader action.  Royce is informed and believes that all of the Amari Suit Plaintiffs except Cardullo are represented by Richard J. Cochran of the law firm of Tenney & Bentley, LLC for purposes of their fee dispute with Needle as detailed below.  Royce is informed and believes that Needle continues to represent Cardullo. With respect to the dispute concerning the aggregate attorneys fees that are due to Needle and Royce collectively, Cardullo is the sole Amari Suit Plaintiff who opposes the position of the other fifteen Amari Suit Plaintiffs and instead supports the position of Needle seeking a greater amount of aggregate attorneys fees.

13.     Although one purpose of the instant interpleader action is to have the Court determine the aggregate amount of attorneys fees that are due to attorneys Royce and Needle, collectively, and the amount of expenses each is entitled to be reimbursed, this interpleader does not seek to have the Court determine how the remaining balance is allocated among the sixteen Amari Suit Plaintiffs.  Section VI, Paragraph 8 of the October 6, 2008 Contingent Fee Agreement provides for arbitration in the event that the Plaintiffs themselves cannot reach agreement among themselves as to each of their respective allocations of the aggregate amount owed to the Plaintiffs.

14. Royce also separately represented eight of the Amari Suit Plaintiffs in related actions against each of them in Lake County, Illinois brought by a corporation and/or affiliate that was owned and/or operated by the Amari Suit Defendants (hereinafter "Lake County collection actions"). These were Amari, Griffin, Chamberlain, Compsolution, Depatco, Jeffrey Handley d/b/a Handley Heat and Air, Industrial Resource, and Tring. Royce's fees and expenses for such representation was not on any contingent basis and was not governed by the October 6, 2006 Contingent Fee Agreement. These eight Amari Suit Plaintiffs have each agreed with Royce that Royce's fees for his services and expenses in the Lake County collection actions, and the specific amounts thereof that were billed, may be deducted from their distribution of their respective allocation of the settlement proceeds, once that determination is made and any distribution permitted. The amount and deduction of Royce's fees and expenses in the Lake County collection actions is therefore not an issue for determination by the Court. The amounts of Lake County fees and expenses owing to Royce that may be deducted from the distributions to each of the eight Amari Suit Plaintiffs are as follows:

| | |
|---|---|
| Amari | $30,868.10 |
| Griffin | $35,912.82 |
| Chamberlain | $31,993.14 |
| Compsolution | $41,696.14 |
| Depatco | $70,477.11 |
| Handley Commercial HVAC LLC | $24,243.59 |
| Industrial Resource | $29,379.25 |
| Tring | $20,600.37 |

Royce has agreed to so deduct such amounts from any interim distribution to a particular

Amari Suit Plaintiff on a proportionate basis, i.e. the percentage that the interim

distribution to such Plaintiff bears to the entire distribution to such Plaintiff. Thus, by

way of example, if an interim distribution to such Plaintiff is one-fourth of the total

distribution to such Plaintiff, Royce will only deduct one-fourth of the Lake County fees

and expenses owed by such Plaintiff.

### Prior Representation of the Amari Suit Plaintiffs

15.     On November 24, 2009, Plaintiff Royce was granted leave to file his

appearance on behalf of the Amari Suit Plaintiffs in the Amari Suit as co-counsel and

local counsel, after a series of attorneys on behalf of the Amari Suit Plaintiffs and others

sought and were granted leave to withdraw.

16.     The Amari Suit was filed on March 13, 2007, as first amended on July 23,

2007, on behalf of approximately 40 plaintiffs, including the Amari Suit Plaintiffs. These

plaintiffs were originally represented by attorney Robert Reda ("Reda") who filed his

appearance on March 13, 2007 as Lead Counsel. Reda filed a motion to withdraw from

the Amari Suit on July 2, 2008 which the court granted on July 14, 2008.

17.     On October 10, 2008, attorneys Stephen G. Kehoe ("Kehoe") and Needle

filed their respective appearances on behalf of the Amari Suit Plaintiffs, among others, in

the Amari Suit. Kehoe filed his appearance as both Lead and Local Counsel. On the

same day, Needle filed his appearance on behalf of the Amari Suit Plaintiffs, among

others, but without designating himself as Lead Counsel.

18.　　On October 21, 2008, defendant attorney Leon I. Edelson ("Edelson") filed his appearance on behalf of the Amari Suit Plaintiffs, among others, in the Amari Suit. Edelson did not designate himself as either Lead or Local Counsel.

19.　　On January 7, 2009, Edelson filed his motion to withdraw from the Amari Suit which the court granted on January 22, 2009. On October 22, 2009, Kehoe filed his motion to withdraw from the Amari Suit which the court granted on November 9, 2009 subject to Kehoe continuing to act as local counsel only for an additional 60 days.

20.　　Needle contacted Royce about both becoming his co-counsel in the Amari Suit and replacing counsel who had been representing the defendants in the Lake County collection cases. Needle drafted the November 17, 2009 Royce/Needle Fee Agreement (Ex. 2), designating Royce as co-counsel.

21.　　On November 20, 2009, Needle, on behalf of the Amari Suit Plaintiffs, filed a motion seeking leave for Royce to appear as both co-counsel and local counsel, which the court granted on November 24, 2009. On December 3, 2009, plaintiff Royce filed his appearance on behalf of the Amari Suit Plaintiffs, designating himself as Local Counsel.

## Jurisdiction and Venue

22.　　On or about December 12, 2013, Royce established the Escrow Account at the Northern Trust Bank located in Chicago, Illinois pursuant to the Settlement Agreement. Since that time, defendants have made and continue to make installment payments payable to Royce, as escrowee, who promptly deposits same in the Escrow Account.

10

23.     Royce, Needle and each of the sixteen Amari Suit Plaintiffs claim to have an interest in the settlement proceeds pursuant to the October 6, 2008 Contingent Fee Agreement, as more fully detailed below. Needle and Cardullo seek a greater amount of aggregate attorneys fees for Needle and Royce, collectively, than the amount sought by Royce and the other fifteen Amari Suit Plaintiffs represented by Cochran. There is also a disagreement between Needle and Royce concerning the division between them of the amount of the aggregate attorneys fees, as provided by their November 17, 2008 Fee Agreement, as more fully detailed below.

24.     Plaintiff is unable to safely determine, without hazard to himself, what amounts, if any, of the settlement proceeds may be rightly claimed by the parties hereto under the October 6, 2008 Contingent Fee Agreement and by Royce and Needle under the November 17, 2009 Royce/Needle Fee Agreement. Consequently, plaintiff faces the threat of multiple and vexatious litigation and multiple liability and has no means other than this interpleader action to defend himself.

25.     Jurisdiction is invoked and proper under Rule 22 of the Federal Rules of Civil Procedure ("Rule 22"). There is complete diversity between plaintiff-stakeholder Royce (an Illinois citizen) and all of the defendants (all non-Illinois citizens) and the amount in controversy exceeds $75,000. Under Rule 22, there is no requirement that the escrowed funds be deposited in the Court's registry.

26.     Alternatively, if for some reason the court holds that jurisdiction is not proper under Rule 22, jurisdiction may then be invoked under 28 U.S.C. § 1335. Plaintiff Royce holds over $500.00 in the escrow account at Northern Trust. At least two of the claimants are adverse and of diverse citizenship. For example, there is complete diversity

11

between each of fifteen of the Amari Suit Plaintiffs (all except Cardullo) and Royce (all

non-Pennsylvania citizens), who are adverse claimants to each of Needle and Cardullo

(both Pennsylvania citizens). As another example, there is complete diversity between

Royce (an Illinois citizen) who is an adverse claimant to Needle (a Pennsylvania citizen)

with respect to their division of attorneys fees. In the event that it is necessary to invoke

alternative jurisdiction under 28 U.S.C. § 1335, Plaintiff will then be ready and willing to

deposit the funds held in escrow pursuant to the Settlement Agreement in the registry of

the Court and will continue to deposit such additional sums paid into the escrow account

in the future as and when received.

27.     Venue is proper in this District, as Plaintiff Royce is a claimant who

resides in this District.

### Dispute Under The October 6, 2008 Contingent Fee Agreement

28.     The Amari Suit Plaintiffs, among other then-existing (but later dismissed)

plaintiffs in the Amari Suit, entered into the Contingent Fee Agreement dated October 6,

2008 with their then-attorneys Needle, Kehoe and Edelson that provided, among other

things, for a contingent fee and reimbursement of expenses for their services rendered in

the Amari Suit. Needle asserts that he authored the Contingent Fee Agreement and

prepared five drafts thereof from September 24, 2008 through October 6, 2008, the last of

which was executed by the parties.

29.     The Contingent Fee Agreement applied to only the Amari Suit and not to

any related lawsuits including the Lake County collection actions. It begins "This will

set forth our fee agreement between us and each of you, and by and between each of you,

in the above-referenced matter [Amari et al v. Burgess et al No. 07 CV 1425 (N.D.Ill)],

12

commenced by Robert Reda and his firm and now pending in the United States District Court for the Northern District of Illinois." Section VIII.2(B) further provides that the Contingency Fee Agreement does not apply to other related suits in Lake and Cook Counties, including the Lake County collection actions.

30.     Section VI.1 of the Contingent Fee Agreement provides a formula for determining the contingent fee (not including expenses), depending on the applicability of Part A or Part B, as the case may be, as follows:

**IV. Fees.**

1. We will be entitled to a contingent fee equal to the greater of: (A) any fee paid to us pursuant to a judgment and award of fees under the RICO or other fee shifting statute or pursuant to any settlement agreement, **or** (B) one-third of any recovery actually received, with the recovery to be computed as any and all damages, treble damages, punitive damages, costs, expenses, attorney's fees or other compensation actually paid, whether pursuant to settlement agreement or judgment, less any retainer paid pursuant to Section V below.

31.     The application of Part A or Part B, as the case may be, will result in different computations of the aggregate amount owed to the Amari Suit Plaintiffs collectively, and the aggregate amount of the attorneys fees owed to attorneys Royce and Needle collectively.

32.     The Settlement Agreement provided for a certain settlement amount to be paid by the Amari Suit Defendants but did not specify any portion of the settlement to be paid as attorneys fees. Nor was there any actual award of attorneys' fees in the Amari Suit. In a May 20, 2014 ruling on a post-dismissal motion in the Amari Suit, Judge Tharp stated that there had not been any statutory award of attorneys fees in the Amari Suit. Judge Tharp further stated that under the "global" Settlement Agreement attorneys fees were instead to be paid as a percentage of the amount recovered, thereby referencing

Section VI.1.(B) and not Section VI.1(A) as the dispositive provision of the Contingent

Fee Agreement:

"There is no judicial award of attorneys' fees in this case. The parties reached what is apparently a global settlement agreement inclusive of attorneys' fees; this court did not determine any "reasonable attorney's fee" to be awarded to a "prevailing party" pursuant to RICO's fee-shifting provision, 18 U.S.C. § 1964(c). To the extent the plaintiffs' attorneys fees are to be paid from the plaintiffs' total recovery under the settlement agreement, there is no statutory "fee award" in play; rather, the fees are being paid as a percentage of the amount recovered, according to the provisions of the plaintiffs' engagement contract."

33.    Notwithstanding, Needle and Cardullo assert that the distribution of

settlement proceeds pursuant to Section VI.1 is to be determined under Part A and not

under Part B.  On the other hand, Royce and fifteen of the sixteen Amari plaintiffs (other

than Cardullo) assert that Part A cannot apply as there was not "any fee paid to us

pursuant to a judgment and award of fees under the RICO or other fee shifting statute or

pursuant to any settlement agreement"; and that, as a result, only Part B that refers to

"any recovery actually received" applies.  Under Needle's and Cardullo's position that

Part A applies, the aggregate attorneys fees will be greater than if Part B instead applies.

A dispute therefore exists whether Part A or Part B applies.

34.    Section 12 of the October 6, 2008 Contingent Fee Agreement provides

that "No right of any party to this Agreement can be waived or modified, except in

writing signed by the persons or parties against whom such waiver or modification is

asserted."

35.    In addition, Section IV.1 of the Contingent Fee Agreement requires that

the amount of retainer be deducted from the aggregate attorneys fees.  The fifteen Amari

Suit Plaintiffs (not including Cardullo) and Royce compute the amount of the retainer to

be deducted as $66,789.  Further, the Contingent Fee Agreement requires that attorneys

Royce and Needle be reimbursed for their respective costs and expenses and that said amounts be added to the aggregate amount owed to Needle and Royce, as per Section V of the Contingent Fee Agreement.

36.     Kehoe and Edelson subsequently filed motions to withdraw, which motions were granted. Under Illinois law, an attorney who withdraws from a case loses any right to enforce any contingent fee agreement. Therefore, as a matter of Illinois law any rights Kehoe and Edelson had under the Contingent Fee Agreement are void and cannot be enforced. (Any rights Kehoe and Edelson had to bring any action for quantum meruit is now also barred by the 5-year Illinois statute of limitations).

37.     Other than the sixteen Amari Suit Plaintiffs who signed the Settlement Agreement, all but three of the other parties who signed the Contingent Fee Agreement were dismissed from the Amari Suit and were not signatories to the Settlement Agreement. Pursuant to the Contingent Fee Agreement, all such dismissed plaintiffs are deemed to be "inactive" clients and have no right to any distribution under the Contingent Fee Agreement, as set forth in Sections III.3, III.B, V.7.B, VI.1, VI.2, VI.2.B, VI.2C, VI.4, VI.5, and VI.6. The other three were prospective plaintiffs who were never made plaintiffs in the Amari Suit.

<u>**The November 17, 2009 Royce/Needle Fee Agreement**</u>

38.     Section VII.2 of the Contingent Fee Agreement provides that the "allocation among counsel, including any additional counsel, of any fee due under this Agreement, . . . will be determined by counsel with the consent of the Management Committee". Section III.2 provides that the Management Committee would initially consist of four members: Gilbert-American Companies (Lee Gilbert), Amari Company,

15

Inc. (Shelley Amari), Integrated Sign and Graphic, LLC (Al Oberst) and Trinks Brothers, LLC (Ron Trinks).

39.     Needle and Royce entered into the November 17, 2009 Royce/Needle Fee Agreement, also executed by the four then-members of Management Committee, that incorporated the provisions of the Contingent Fee Agreement and provided that the attorney fees received under the Contingent Fee Agreement would be divided between Royce and Needle as follows: "half of any such fee will be divided equally, regardless of time or effort of either of us, and the second half of any such fee will be divided in proportion to the time you and I have spent on this matter, regardless of any hourly rate."

40.   Needle drafted the November 17, 2009 Royce/Needle Fee Agreement and represented to Royce that with respect to the fee to be divided in proportion to the time spent on this matter, the "time" for each would begin from the date of the Agreement, November 17, 2009, so that for this purpose Royce and Needle started out equally.

41.     Notwithstanding his foregoing representation to Royce, Needle has subsequently asserted that his "time" under the November 17, 2009 Agreement begins when he first began representing the Amari Suit Plaintiffs and not, as he represented to Royce, beginning from the date of the November 17, 2009 Agreement. A dispute therefore exists between Royce and Needle as to the meaning of the Royce/Needle Fee Agreement.

42.     Royce has kept contemporaneous records reflecting his time and activities in the Amari Suit. Needle, on the other hand, has admitted to Royce and others that he did not keep contemporaneous records reflecting his time and activities in the Amari Suit. Upon information and belief, at some time after receiving Royce's own contemporaneous

16

time records on February 24, 2014, Needle has sought to estimate and reconstruct his time for the prior six years.  To date Needle has not forwarded any such "reconstructed" or other time records to Royce, or to the Management Committee or any of the other fifteen Amari Plaintiffs (not including Cardullo).

WHEREFORE, Plaintiff Merle L. Royce requests that the Court grant the following relief:

(A) enter orders determining the allocation of the settlement proceeds as to (1) the aggregate amount to which the sixteen Amari Suit Plaintiffs are entitled, collectively, pursuant to the October 6, 2008 Contingent Fee Agreement, (2) the amount of aggregate attorneys fees to which Royce and Needle, collectively, are entitled pursuant to the October 6, 2008 Contingent Fee Agreement, (3) the amount of expenses to which Royce and Needle are each entitled to be reimbursed pursuant to the October 6, 2008 Contingent Fee Agreement and (4) the division of the foregoing attorneys fees between Royce and Needle pursuant to their November 17, 2009 Fee Agreement;

(B)  enter orders permitting interim distributions of collected settlement proceeds in escrow to the sixteen Amari Suit Plaintiffs (subject to their own determination of the individual amounts owed to each, whether by arbitration or otherwise), and/or to Royce and Needle, as the case may be, based upon the Court's above determinations;

(C) grant such other and further relief as is necessary or warranted by the circumstances.

MERLE L. ROYCE

By: ___/s/ Alan R. Borlack_____
        Alan R. Borlack
        Bailey Borlack Nadelhoffer LLC
        135 South LaSalle, Suite 3950

Chicago, Illinois  60603
Phone: (312) 629-2700
Fax:    (312) 629-0174
e-mail: aborlack@bbn-law.com

**Law Offices of Stephen G. Kehoe**
28 East Jackson Blvd.
Chicago, IL 60604

**Edelson IP Law Group, Ltd.**
Bannockburn Executive Plaza
2275 Half Day Road
Suite 122
Bannockburn, IL 60015

**Michael R. Needle P.C.**
1904 Wallace Street
Philadelphia, PA 19130

October 6, 2008

AMARI COMPANY, INC., a New Hampshire corporation.
AMAZING PRODUCTIONS, INC., a Florida corporation
BOB O'CONNELL'S RENTAL CENTER, INC., a Florida corporation.
BBQ ISLAND, L.L.C., an Arizona limited liability company.
BRADLEY M. GRIFFIN, INC., dba HOME THEATER DESIGN GROUP, a Texas
corporation.
CHAMBERLAIN INDUSTRIES, INC. fka/dba A1 FACTORY DIRECT CARPET, a
California corporation.
CHEMSOLUTIONS, INC., a Florida corporation.
COMPSOLUTION VA, INC., a Virginia corporation.
DAMES AIR, L.L.C., a Missouri limited liability company.
DePATCO, INC., an Idaho corporation.
DREAMBUILDERS, N.W., INC., a Washington corporation.
GIGS, L.L.C., fka MJP CONTRACTING, INC, a Massachusetts limited
liability company.
GILBERT-AMERICAN COMPANIES, a Texas sole proprietorship.
GREGORY & MARTIN, INC., a Pennsylvania corporation.
GUNNISON METAL SHOP, INC., a Colorado corporation.
HANDLEY HEAT & AIR, an Arkansas sole proprietorship.
HiTECH FIRE DETECTION, INC., a Texas corporation.
INDUSTRIAL RESOURCE GROUP, L.L.C., an Indiana limited liability
company.
INTEGRATED SIGN AND GRAPHIC, INC., a Kentucky corporation.
JOHN CARDULLO & SONS, INC., a Pennsylvania corporation.
JRP CONSTRUCTION, L.L.C., an Arizona limited liability company.
J.V. HANSEL CO., INC., dba INSTITUTIONAL FOODS, an Ohio corporation
KEN ROOT'S INSULATION SERVICE, INC., a Washington corporation.
MSI READY MIX, INC., a California corporation.
TRING CORPORATION, an Ohio corporation.
TRINKS BROTHERS, L.L.C., a Connecticut limited liability company.

Re: Amari et al v. Burgess et al
No. 07 CV 1425 (N.D.Ill)

Dear Clients:

This will set forth our fee agreement between us and each of you, and
by and between each of you, in the above-referenced matter, commenced
by Robert Reda and his firm and now pending in the United States
District Court for the Northern District of Illinois.



EXHIBIT
1

Amari Company, Inc. et al
October 6, 2008
Page two of thirteen

## I. History/Plan

The gravamen of this case is that IPA, its division and its affiliates are one or more "racketeering enterprises" conducted through a pattern of wire fraud and other "racketeering" conduct, as defined by the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 USC §1961 et seq.

Based on client files (yours and others) and available IPA documents like employee manuals, it appears that: IPA sales personnel tell scripted lies about the cost and quality of IPA's services; IPA sales personnel and business analysts tell scripted lies about the scope, depth, independence, objectivity and utility of the "business analysis;" IPA's business analysts tell scripted lies about the existence, degree and cause of client financial problems and the cost, quality, payment terms for and utility of IPA, ITA and AA consulting services; IPA's project managers and consultants are assigned without regard for whether they have appropriate skill and experience and without any intent to solve the identified problem. Moreover, IPA lies about being insured for client protection; bills travel expenses that seem inflated through the use of an "in house" travel agency; and appears to manipulate search engines and systematically suppress customer criticism on the internet. All these activities utilize the "wires" and form an integrated scheme which was designed by John Burgess and 6-10 close associates, who in turn implement this scheme on an ongoing basis with the assistance of 30-40 mid level managers.

Success (an acceptable settlement or favorable verdict) will depend on obtaining and presenting proof of the foregoing through (1) testimony and the records of you and other customers, (2) evidence from IPA and its agents, including testimony, manuals and other documents, and computerized records, (3) statistical and other analyses by experts on the basis of (1) and (2). This will in turn depend on your cooperation, aggressive discovery by us of IPA and defendants, favorable Court rulings on discovery, finding and working with appropriate experts, having sufficient funding to do all these things.

Defendants have sought extensive discovery from you. Defendants have harassed some of you with a defamation suit and collection actions –though the best response to this is a good offense in this case. We believe the rules entitle us to the discovery we will seek, but defendants may object and the Court has the ultimate say. The Court can also dismiss this case before or during trial, though we believe this unlikely given the Court's ruling on defendants' previous motion to dismiss. We cannot guarantee that an acceptable settlement offer will be made or that any jury will return a plaintiffs' verdict.

Nevertheless, we think the case is sufficiently strong to make a recovery more likely than not, to invest substantial amounts of our time in prosecuting it, and to recommend that you proceed with it in the fashion outlined below.

Amari Company, Inc. et al
October 6, 2008
Page three of thirteen

## II. Representation.

1. We will enter an appearance for each of you who signs this Agreement, seek leave to file an amended complaint on your behalf, and prosecute your claims through settlement or trial, including any and all discovery and other pretrial proceedings. This agreement does not obligate us to handle any appeal from an adverse verdict at trial or any post trial motions to set aside such a verdict or for a new trial. Any work in that regard will be the subject of a separate agreement.

2. No plaintiff other than those executing this Agreement will be added to this case except as follows: by such additional plaintiff assenting in writing to be bound by the terms and conditions set forth in this Agreement and with the written authorization of the Management Committee described below.

3. No attorney who is a party to this Agreement will file any other civil action in any federal court, which asserts claims similar to those made in this action, without making full prior disclosure of any such other action to the Management Committee and receiving written consent from the Management Committee.

## III. Management Committee.

1. In order to expedite this litigation and minimize its expense, each of you hereby delegates to a Management Committee the right and responsibility to monitor this litigation, communicate with counsel on tactical and strategic issues and problems, grant or withhold approval on counsel's recommendations and advice regarding the handling of this litigation, and perform the duties described in Section V. below. The Management Committee will also have the authority described in Section II.2 above. The Management Committee will not, however, have the right to approve or reject any settlement.

2. The Management Committee will have four members and will initially consist of Gilbert-American Companies (Lee Gilbert), Amari Company, Inc. (Shelley Amari), Integrated Sign and Graphic LLC (Al Oberst) and Trinks Brothers LLC (Ron Trinks).

3. At any time, members of the Management Committee may be replaced, or new members added, by written notice from the existing members of the Management Committee to all then existing and active clients and the written consent via fax or email of a majority of then existing and active clients.

4. Notwithstanding the existence of the Management Committee, we will endeavor to keep each client informed, by email or fax, of developments which are important to the case or to their individual claims. Nothing in this Agreement will be deemed to preclude any client from seeking or receiving from counsel any information to which they are entitled by the Rules of Professional Conduct.

Amari Company, Inc. et al
October 6, 2008
Page four of thirteen


**IV. Fees**.

1.  We will be entitled to a contingent fee equal to the greater of:
(A) any fee paid to us pursuant to a judgment and award of fees under
the RICO or other fee shifting statute or pursuant to any settlement
agreement, **or** (B) one-third of any recovery actually received, with
the recovery to be computed as any and all damages, treble damages,
punitive damages, costs, expenses, attorney's fees or other
compensation actually paid, whether pursuant to settlement agreement
or judgment, less any retainer paid pursuant to Section V below.

2. We are agreeing to handle this case on a contingent fee
basis on conditions that: (A) each of you is ready, willing, and able
to proceed with this litigation through settlement or trial and (B)
that you will abide by our advice regarding settlement.

3. In the event a settlement is offered and we recommend that you
accept it, is rejected by you, and you thereafter obtain no recovery
or a recovery of an amount lower than that under the rejected
settlement, you will compensate us at our regular hourly rate (i.e.
the rate or rates billed to and collected from clients during period
when the time was spent) for all time  expended by us in the case.
This paragraph will apply to any client in the case at the time any
such recommended settlement is rejected, regardless of whether they
voted for or against the settlement.

4. Each of you has the right to withdraw your claim prior to any
settlement or judgment.  However, each of you agrees that if you
withdraw your claim before settlement or a verdict at trial, you will
compensate us for your per capita share for all time expended in this
case through the time of such withdrawal at our regular hourly rates.
Any withdrawal by us from representation of a client pursuant Section
V.7C below will be deemed a withdrawal under this paragraph obligating
such client to pay such fees to us.

Amari Company, Inc. et al
October 6, 2008
Page five of thirteen


## V. Costs/Expenses/Retainer

1. You will be jointly and severally responsible for the expenses
directly attributable to the prosecution of this case. These, for
example, include any filing fees, court reporter fees (for depositions
or transcripts of court proceedings), and expert fees, as well as
expenses for travel, copying and reproduction, express and ordinary
mail, computerized legal research, etc. attributable to this case. We
will endeavor to litigate this case as efficiently and cheaply as
possible. Nevertheless, we estimate that such expenses will be around
$500,000 over a three year period. We cannot guarantee this amount.
The actual amount may be less or more, depending on such factors as
the length of time for which this case proceeds, the tactics employed
by the defendants, the strategic decisions made by you, the scope of
discovery permitted by the Court, and other rulings by the Court, none
of which can be known with certainty in advance.

2. Moreover, as small practitioners, we cannot afford to spend the
time involved in properly litigating this case without a contribution
to our overhead (office expense, utilities etc) in the amount of
$160,000 over three years.

3. Litigation Fund: In light of the foregoing, you will collectively
contribute $660,000, spread over three years ($220K per year), and to
be paid at the beginning of each fiscal year ending September 30, save
for the initial contribution, which shall be paid as provided in
Section IX.7 below. In each following fiscal year, as long as the
case continues, each active client will contribute equal shares of
$220K. If any of you withdraws your claim after the beginning of a
fiscal year, then: (A) you will still be liable for your full
contribution for that fiscal year and (B) will not be entitled a
refund of any contribution made for that fiscal year (or any part
thereof). The precise amount of your share will depend on the number
of plaintiffs, which may vary over time and for how long this case
proceeds.

4. The Litigation Fund will: (A) be held by the Management Committee,
or a member designated by the Management Committee, (B) be held in a
separate account used for no other purpose, and ©) be disbursed by the
Management Committee to counsel and/or third parties in strict
accordance with the terms of this Agreement. The Management Committee
or its designee will maintain detailed records of all receipts and
disbursements and provide this information to counsel or any of you
upon request. Any interest on the Ligation Fund will be contributed
to the Litigation Fund, with credit for such interest to be allocated
pro rata according each of your contributions.

5. In the event of a settlement, contributions to the Litigation Fund,
including interest, will be refunded or credited back to you as set
forth in Section VI.

Amari Company, Inc. et al
October 6, 2008
Page six of thirteen

6. Special expenses not covered by Litigation Fund. Each plaintiff will pay its travel expenses to attend a deposition or trial. Some of you have claims for consequential damages beyond amounts paid to IPA and its affiliates. These may include: (A) incidental expense such as accounting fees incurred to rectify bookkeeping or other problems created by IPA or legal fees incurred resisting collection efforts by IPA or an affiliate; (B) any reduction in profits, due to some increase in expense or some reduction in revenue, caused by IPA or any IPA affiliate. Incidental expense can be proved with bills and/or the testimony of the accountant or lawyer with whom the incidental expense was incurred. Proof of lost profits will require a report or affidavit and possibly deposition or trial testimony by your accountant, or some other expert witness to establish the existence and amount of the claim. Any plaintiff who asserts a claim for consequential damages will bear any expense associated with proving it, including, for example, the following: any time and expenses billed by any accountant, lawyer or other witness to prepare any record, affidavit or report regarding such a claim; any time or expenses billed by any accountant, lawyer or other witness to testify at deposition or trial regarding such a claim; any fees charged by any court reporter for any deposition of such a witness.

7. In the event any client fails to make a contribution to the Litigation Fund as required under this Agreement, we have the right, at our sole option and discretion, to take any, some or all of the following actions:

A. Permit payments in installments over the fiscal year in which it is due, if circumstances permit and the Management Committee so recommends.

B. Treat the non payment as a loan from the contributing plaintiffs if the Management Committee so recommends, in which case the portion of any recovery due to the non-paying client will be reduced by an amount equal to simple interest on the non-payment at 1.5% per month from the date the payment was made through the date of distribution. Such interest will be distributed pro rata to the existing and active plaintiffs who made their contributions under this Agreement, according to the amount of their contributions.

C. Request leave to withdraw our appearance on behalf of such client. If such motion is granted, said client will be obligated for fees as provided in Section IV.4 above.

Amari Company, Inc. et al
October 6, 2008
Page seven of thirteen

## VI. Settlement/Allocation of Recovery/Disputes

1. Each of you hereby agrees with each of us, and with each other, that you will not settle any of your claims in this matter save pursuant to settlement agreement that applies to all existing and active clients.  Defendants have previously taken the position to date that any settlement must be global - i.e. on an all or none basis.

2. A decision whether to accept a settlement offer will be made by all active clients after notice of the same, which shall include a copy of the actual settlement proposal or proposed settlement agreement, counsel's recommendation regarding the settlement, and a deadline by which to indicate acceptance or rejection.  No settlement will be accepted save upon approval by fax, email or mail of at least 2/3's of the active and existing clients at the time notice of the settlement offer is given.  Absent such approval by the deadline set in any notice of settlement offer, the settlement will be deemed rejected. Each of you agrees with each of us, and with each other, that you will be bound by settlement decisions reached in this manner and by the legal consequences of such decisions under this Agreement, including any under Sections IV.3 and IV.4 of this Agreement.

3. Allocation of recovery.  Any recovery, whether by settlement or judgment, will be allocated as follows:

    A. Any counsel fee due under Section IV will be paid.

    B. Contributions to the litigation fund (including any portion paid to counsel as a retainer) by then existing and active clients, will be refunded or credited to each such then active client, together with simple interest, calculated at 9% per year for each contribution for the date it was received through the date of distribution.; provided that the amount of the refund to each plaintiff under this subparagraph will be reduced or increased if and as required by Section V.7.B. above.

    C. The balance of any recovery after the deductions in subparagraphs A and B (net proceeds) will be distributed pro rata, with each then active client receiving a fraction of the net proceeds equal to the client's damages divided by the total net proceeds.  For purposes of this paragraph, the client's damages will consist of either (I) the client's damages as determined by the Court or (II) in the event of settlement, the sum of (a) all amounts paid by the client to IPA or any IPA affiliate and (b) proven consequential damages. Proven consequential damages will be those which have been adequately documented PRIOR TO SETTLEMENT as required in subparagraph D.  To the extent the amounts refunded under subparagraph B are insufficient to make all adjustments required by Section V.7.B., the balance of such adjustments will be made to amounts due under this subparagraph.

Amari Company, Inc. et al
October 6, 2008
Page eight of thirteen


    D. Incidental damages will be adequately documented if clearly
and precisely itemized in an invoice, statement or other document
admissible in evidence.  Lost profits will be adequately documented if
supported and quantified in a written report or affidavit by an
accountant or other competent expert witness.  In the event a range of
damages is given, the amount of such damages for purposes of
allocating net settlement proceeds will be the median, if a series of
estimates is given, or the mean, if a range is given.

4. In the event of a recovery, whether by settlement or judgment, each
then existing and active client will be served with a detailed
proposed schedule of distribution of the proceeds of any recovery at
least 30 days before the distribution is made.

5. Following receipt of the proposed schedule of distribution, each
then active client will have the right to examine any source document
on which the schedule of distribution is based.

6. Any active client shall have the right to dispute any aspect or
portion of the proposed schedule of distribution by giving written
notice to the Management Committee and counsel, by fax or email, at
least three days prior to the proposed distribution date, stating with
particularity the items being disputed, the amount in dispute, and the
reasons for the dispute.  Any amount or amounts so disputed will be
withheld from distribution until the dispute is resolved, with the
balance of the proposed distribution otherwise to be made in
accordance with this Agreement.

7. **EACH CLIENT HEREBY ACKNOWLEDGES AND AGREES THAT ANY SUCH DISPUTE
CANNOT BE RESOLVED BY ANY OF US OR BY ANY OTHER ATTORNEY WHO JOINS US
IN REPRESENTING ALL OF YOU.**

8.  Each of you hereby agrees with each of us, and with each other,
that any dispute over any item of a proposed distribution will be
submitted to and resolved John W. Cooley,(Arbitrator/Mediator with
JAMS, Inc. and former U.S. Magistrate), 2106 Orrington Avenue,
Evanston, Illinois.  Mr. Cooley's decision will be final and may not
be challenged in court, save upon clear and convincing evidence of
fraud or mistake. The parties to such mediation will bear all fees and
expenses associated with it, including any travel expense, counsel fee
or fee charged by the mediator.                   .

9. If a dispute over a proposed distribution is rejected, the withheld
amount will be paid to the person or persons who were entitled to it
under the proposed distribution.  If and to the extent any such
dispute is upheld, the amount in question will be distributed to
persons entitled to it under the mediator's decision and the terms of
this Agreement.

Amari Company, Inc. et al
October 6, 2008
Page nine of thirteen

## VII. Fee allocations/Additional counsel

1. Each of you agrees that the undersigned counsel shall have the right to engage additional counsel to assist in this ligation as they see fit; provided, however, that additional counsel agrees to participate on the terms and conditions of this Agreement and that his/her addition does not alter your rights and obligations under this Agreement.

2. The allocation among counsel, including any additional counsel, of any fee due under this Agreement, including the retainer portion of the Litigation Fund, will be determined by counsel with the consent of the Management Committee, which shall not be unreasonably withheld. Any disputes among counsel shall be resolved by them in such manner as they agree. No such dispute will interfere with or delay the distribution of any portion of any recovery due to any of you.

3. Each of you has the right to retain separate, additional counsel at any time to advise or appear for you, provided that each of you shall be sole and entirely responsible for any fees or expenses charged by such counsel.

## VIII. Related matters/Robert Reda.

1. No sum paid to Mr. Reda can or will be credited against any contribution due under this Agreement. In the event any of you recover such sums, you are free to keep them or use them to defray obligations under this Agreement.

2. This Agreement does not obligate any of us or any of you, nor does it alter any other Agreement to which any of us and any of you are parties, regarding any of the following:

    A. the defamation action brought by IPA against Mr. Reda and each of you.

    B. any collection action brought in Lake County Illinois by IPA or any IPA affiliate against any of you.

    C. any claim which you, or any of you, may have against Mr. Reda and his firm which arises out of his handling of this case, the defamation case or any collection case prior, including but not limited to any separate action against Mr. Reda or any cross-claim against Mr. Reda in the defamation case.

Amari Company, Inc. et al
October 6, 2008
Page ten of thirteen

**IX.   Execution/Implementation**

1.   This agreement may be executed in counterparts - i.e. by each of
you signing the signature page in the place provided for you and
returning the signed page to Shelley Amari by fax or scanned image
sent by email.

2.   Each individual who signs this Agreement represents and warrants
that: (A) you hold the office or position indicated next to your name
and (B) have full and complete authority to execute this Agreement on
behalf of the corporation, limited liability company, partnership or
sole proprietorship for which you are signing. If your position is not
stated, please write it in.

3.   You are under a deadline. The Court required you to have new
counsel enter an appearance by August 27, 2008 or suffer dismissal.
This date was continued to August 29, at which time the Court extended
this deadline to October 2, which has seen been changed to October 10.

4. We cannot enter an appearance for you on or before October 10, 2008
without an executed fee agreement.  If you wish to proceed with this
case, it is essential that you sign the signature page on the line
provided by you and return it by fax or scanned image to Shelley Amari
immediately.

5. If 23 or more of you execute this Agreement by Tuesday, October 7,
2008, then it will be in full force and effect among each you who
signed it and between each of you who signed it and counsel.

6. If fewer than 23 of have executed this Agreement by Tuesday,
October 7, 2008, each of you will be so notified and this Agreement
will become null and void unless all of you who did sign it assents to
the Agreement taking force by fax or email prior to Wednesday, October
8, 2006.  Failing that, those of you who wish to proceed will risk
dismissal of your claims unless you make other arrangements to engage
us or other counsel to appear on October 10, 2008.

7.   If this Agreement comes into effect, the contribution to the
Litigation Fund due under Section V for the current fiscal year, will
made as the Management Committee directs, with such payments to be
made to the Management Committee c/o Shelley Amari.

8. As set forth in Section I, we believe this is a strong case, though
it has difficulties as in any case of this magnitude and complexity.
In the event this agreement is executed by 23 or more of you, we will
move ahead promptly and vigorously.  We will not request any
disbursement from the Litigation Fund for any purpose until an Amended
Complaint has been prepared and approved by you.

Amari Company, Inc. et al
October 6, 2008
Page eleven of thirteen


9. This Agreement will be construed according to the law of Illinois.

10. Except as otherwise specifically provided herein or hereafter
agreed to in writing, each attorney and client who is party hereto
consents to the jurisdiction of the United States District Court for
the Northern District of Illinois over any and all disputes arising
under this Agreement.

11. Any notice due or made under this Agreement shall be deemed to
have been made on the date it was faxed, emailed, post-marked or
received by other delivery service.

12. No right of any party to this Agreement can be waived or modified,
except in writing signed by the persons or parties against whom such
waiver or modification is asserted.


Sincerely,


Law Offices of Stephen G. Kehoe
BY: Stephen G. Kehoe



Edelson IP Law Group, Ltd.
BY: Leon Edelson


Michael R. Needle P.C.
BY: Michael R. Needle

6. This Agreement will be construed according to the law of Illinois.
Each attorney and client who is party hereto consents to the
jurisdiction of the United States District Court for the Northern
District of Illinois over any and all disputes arising under this
Agreement.  Any notice due or made under this Agreement shall be
deemed to have been made on the date it was faxed, emailed, post-
marked or received by other delivery service.  No right of any party
to this Agreement can be waived or modified, except in writing signed
by the persons or parties against whom such waiver or modification is
asserted.

Sincerely,

Law Offices of Stephen G. Kehoe
BY: Stephen G. Kehoe

Edelson IP Law Group, Ltd.
BY: Leon Edelson

Michael R. Needle P.C.
BY: Michael R. Needle

APPROVED, AGREED AND SO AUTHORIZED:

AMARI COMPANY, INC.,
BY: Shelley Amari

GILBERT-AMERICAN COMPANIES
BY: Lee Gilbert

In their capacities as members of the aforementioned Executive
Committee of the Management Committee

Amari Company, Inc. et al
October 6, 2008
Page twelve of thirteen

AGREED AND ACCEPTED:

AMARI COMPANY, INC.,
BY: Stephen Amari, President


AMAZING PRODUCTIONS, INC.
BY: Jose Muniz, President


BOB O'CONNELL'S RENTAL CENTER,
INC.
BY: Doug Sharpe, President


BBQ ISLAND, L.L.C.
BY: Mike West, Member


BRADLEY M. GRIFFIN, INC.
BY: Sheri Griffin, President


CHAMBERLAIN INDUSTRIES, INC
BY: Robert F. Chamberlain,
President


CHEMSOLUTIONS, INC.
BY: Frank Mariano, President


COMPSOLUTION VA, INC.
BY: Dennis Kao, President


DAMES AIR, L.L.C.,
BY: Jack Dames, Member


AGREED AND ACCEPTED:

DePATCO, INC.
BY: Greg Stoddard, President


DREAMBUILDERS, N.W., INC.
BY: Robert Trent, President


GIGS, L.L.C.
BY: Michelle Harris, Member


GILBERT-AMERICAN COMPANIES
BY: Lee Gilbert, Owner


GREGORY & MARTIN, INC.
BY: Michael Martin, President


GUNNISON METAL SHOP, INC.
BY: James Shurtleff, President


HANDLEY HEAT & AIR
BY: Jeff Handley, Owner


HiTECH FIRE DETECTION, INC.
BY: Daniel Cooley, President


INDUSTRIAL RESOURCE GROUP, L.L.C.
BY: Samantha Regnier, Executive
Manager

Amari Company, Inc. et al
October 6, 2008
Page twelve of thirteen

AGREED AND ACCEPTED:                    AGREED AND ACCEPTED:


AMARI COMPANY, INC.,                    DePATCO, INC.
BY: Stephen Amari, President            BY: Greg Stoddard, President


AMAZING PRODUCTIONS, INC.               DREAMBUILDERS, N.W., INC.
BY: Jose Muniz, President               BY: Robert Trent, President


BOB O'CONNELL'S RENTAL CENTER,          GIGS, L.L.C.
INC.                                    BY: Michelle Harris, Member
BY: Doug Sharpe, President


BBQ ISLAND, L.L.C.                      GILBERT-AMERICAN COMPANIES
BY: Mike West, Member                   BY: Lee Gilbert, Owner


BRADLEY M. GRIFFIN, INC.                GREGORY & MARTIN, INC.
BY: Sheri Griffin, President            BY: Michael Martin, President


CHAMBERLAIN INDUSTRIES, INC             GUNNISON METAL SHOP, INC.
BY: Robert F. Chamberlain,              BY: James Shurtleff, President
President


CHEMSOLUTIONS, INC.                     HANDLEY HEAT & AIR
BY: Frank Mariano, President            BY: Jeff Handley, Owner


COMPSOLUTION VA, INC.                   HITECH FIRE DETECTION, INC.
BY: Dennis Kao, President               BY: Daniel Cooley, President


DAMES AIR, L.L.C.,                      INDUSTRIAL RESOURCE GROUP, L.L.C.
BY: Jack Dames, Member                  BY: Samantha Regnier, Executive
                                        Manager

To IPA Clients
September 29, 2008
Page twelve of twelve

AGREED AND ACCEPTED:

603-882-4214

AGREED AND ACCEPTED:

AMARI COMPANY, INC.,
BY: Stephen Amari, President

AMAZING PRODUCTIONS, INC.
BY: Jose Muniz, President

BOB O'CONNELL'S RENTAL CENTER
BY: Doug Sharpe, ?????

BBQ ISLAND, L.L.C.
BY: Mike West, Member

BRADLEY M. GRIFFIN, INC.
BY: Sheri Griffin, President

CHEMSOLUTIONS,
BY: Frank Mariano, President

COMFSOLUTION VA, INC.
BY: Dennis Kao, President

DAMES AIR, L.L.C.,
BY: Jack Dames, Member

DePATCO, INC.
BY: Greg Stoddard, President

AGREED AND ACCEPTED:

DREAMBUILDERS, N.W., INC.
BY: Robert Trent,

GIGS, L.L.C.
BY: Michelle Harris,????

GILBERT-AMERICAN COMPANIES
BY: Lee Gilbert, President

GREGORY & MARTIN, INC.
BY: Michael Martin, President

GUNNISON METAL SHOP, INC.
BY: James Shurtleff, President

HANDLEY HEAT & AIR
BY: Jeff Handley, Owner

HiTECH FIRE DETECTION, INC.
BY: Daniel Cooley, President

INDUSTRIAL RESOURCE GROUP, L.L.C.
BY: Samantha Regnier, Member

INTEGRATED SIGN AND GRAPHIC, INC.
BY: Al Oberst, President

Fax:9722503401                    Oct  3 2008  0:20     P.02

AGREED AND ACCEPTED:                 AGREED AND ACCEPTED:


AMARI COMPANY, INC.,                 DREAMBUILDERS, N.W., INC.
BY: Stephen Amari, President         BY: Robert Trent,


AMAZING PRODUCTIONS, INC.            GIGS, L.L.C.
BY: Jose Muniz, President            BY: Michelle Harris,????


BOB O'CONNELL'S RENTAL CENTER        GILBERT-AMERICAN COMPANIES
BY: Doug Sharpe, ?????               BY: Lee Gilbert, President


BBQ ISLAND, L.L.C.                   GREGORY & MARTIN, INC.
BY: Mike West, Member                BY: Michael Martin, President


BRADLEY M. GRIFFIN, INC.             GUNNISON METAL SHOP, INC.
BY: Sheri Griffin, President         BY: James Shurtleff, President


CHEMSOLUTIONS,                       HANDLEY HEAT & AIR
BY: Frank Mariano, President         BY: Jeff Handley, Owner


COMPSOLUTION VA, INC.                HITECH FIRE DETECTION, INC.
BY: Dennis Kao, President            BY: Daniel Cooley, President


DAMES AIR, L.L.C.,                   INDUSTRIAL RESOURCE GROUP, L.L.C.
BY: Jack Dames, Member               BY: Samantha Regnier, Member


DePATCO, INC.                        INTEGRATED SIGN AND GRAPHIC, INC.
BY: Greg Stoddard, President         BY: Al Oberst, President

Amari Company, Inc. et al
October 6, 2008
Page twelve of thirteen


AGREED AND ACCEPTED:                         AGREED AND ACCEPTED:


_____               _____
AMARI COMPANY, INC.,                          DePATCO, INC.
BY: Stephen Amari, President                  BY: Greg Stoddard, President


_____               _____
AMAZING PRODUCTIONS, INC.                     DREAMBUILDERS, N.W., INC.
BY: Jose Muniz, President                     BY: Robert Trent, President


_____               _____
BOB O'CONNELL'S RENTAL CENTER,                GIGS, L.L.C.
INC.                                          BY: Michelle Harris, Member
BY: Doug Sharpe, President


_____               _____
BBQ ISLAND, L.L.C.                            GILBERT-AMERICAN COMPANIES
BY: Mike West, Member                         BY: Lee Gilbert, Owner


_____               _____
BRADLEY M. GRIFFIN, INC.                      GREGORY & MARTIN, INC.
BY: Sheri Griffin, President                  BY: Michael Martin, President


_____               _____
CHAMBERLAIN INDUSTRIES, INC                   GUNNISON METAL SHOP, INC.
BY: Robert F. Chamberlain,                    BY: James Shurtleff, President
President


_____               _____
CHEMSOLUTIONS, INC.                           HANDLEY HEAT & AIR
BY: Frank Mariano, President                  BY: Jeff Handley, Owner


_____               _____
COMPSOLUTION VA, INC.                         HiTECH FIRE DETECTION, INC.
BY: Dennis Kao, President                     BY: Daniel Cooley, President


_____               _____
DAMES AIR, L.L.C.,                            INDUSTRIAL RESOURCE GROUP, L.L.C.
BY: Jack Dames, Member                        BY: Samantha Regnier, Executive
                                              Manager

Amari Company, Inc. et al
October 6, 2008
Page twelve of thirteen


AGREED AND ACCEPTED:                    AGREED AND ACCEPTED:


_____         _____
AMARI COMPANY, INC.,                    DePATCO, INC.
BY: Stephen Amari, President            BY: Greg Stoddard, President


_____         _____
AMAZING PRODUCTIONS, INC.               DREAMBUILDERS, N.W., INC.
BY: Jose Muniz, President               BY: Robert Trent, President


_____         _____
BOB O'CONNELL'S RENTAL CENTER,          GIGS, L.L.C.
INC.                                    BY: Michelle Harris, Member
BY: Doug Sharpe, President

                                        _____
_____         GILBERT-AMERICAN COMPANIES
BBQ ISLAND, L.L.C.                       BY: Lee Gilbert, Owner
BY: Mike West, Member

                                        _____
_____         GREGORY & MARTIN, INC.
BRADLEY M. GRIFFIN, INC.                 BY: Michael Martin, President
BY: Sheri Griffin, President

                                        _____
_____         GUNNISON METAL SHOP, INC.
CHAMBERLAIN INDUSTRIES, INC              BY: James Shurtleff, President
BY: Robert F. Chamberlain,
President
                                        _____
                                        HANDLEY HEAT & AIR
_____         BY: Jeff Handley, Owner
CHEMSOLUTIONS, INC.
BY: Frank Mariano, President
                                        _____
                                        HiTECH FIRE DETECTION, INC.
_____         BY: Daniel Cooley, President
COMPSOLUTION VA, INC.
BY: Dennis Kao, President

                                        _____
_____         INDUSTRIAL RESOURCE GROUP, L.L.C.
DAMES AIR, L.L.C.,                       BY: Samantha Regnier, Executive
BY: Jack Dames, Member                   Manager

Amari Company, Inc. et al
October 6, 2008
Page twelve of thirteen


AGREED AND ACCEPTED:                    AGREED AND ACCEPTED:


_____        _____
AMARI COMPANY, INC.,                    DePATCO, INC.
BY: Stephen Amari, President            BY: Greg Stoddard, President


_____        _____
AMAZING PRODUCTIONS, INC.               DREAMBUILDERS, N.W., INC.
BY: Jose Muniz, President               BY: Robert Trent, President


_____        _____
BOB O'CONNELL'S RENTAL CENTER,          GIGS, L.L.C.
INC.                                    BY: Michelle Harris, Member
BY: Doug Sharpe, President


_____        _____
BBQ ISLAND, L.L.C.                      GILBERT-AMERICAN COMPANIES
BY: Mike West, Member                   BY: Lee Gilbert, Owner


_____        _____
BRADLEY M. GRIFFIN, INC.                GREGORY & MARTIN, INC.
BY: Sheri Griffin, President            BY: Michael Martin, President


_____        _____
CHAMBERLAIN INDUSTRIES, INC             GUNNISON METAL SHOP, INC.
BY: Robert F. Chamberlain,              BY: James Shurtleff, President
President


_____        _____
CHEMSOLUTIONS, INC.                     HANDLEY HEAT & AIR
BY: Frank Mariano, President            BY: Jeff Handley, Owner


_____        _____
COMPSOLUTION VA, INC.                   HiTECH FIRE DETECTION, INC.
BY: Dennis Kao, President               BY: Daniel Cooley, President


_____        _____
DAMES AIR, L.L.C.,                      INDUSTRIAL RESOURCE GROUP, L.L.C.
BY: Jack Dames, Member                  BY: Samantha Regnier, Executive
                                        Manager

AGREED AND ACCEPTED:

AMARI COMPANY, INC.,
BY: Stephen Amari, President

AMAZING PRODUCTIONS, INC.
BY: Jose Muniz, President

BOB O'CONNELL'S RENTAL CENTER
BY: Doug Sharpe, ?????

BBQ ISLAND, L.L.C.
BY: Mike West, Member

BRADLEY M. GRIFFIN, INC.
BY: Sheri Griffin, President

CHEMSOLUTIONS,
BY: Frank Mariano, President

COMPSOLUTION VA, INC.
BY: Dennis Kao, President

X _Jack Damer_
DAMES AIR, L.L.C.,
BY: Jack Dames, Member

DePATCO, INC.
BY: Greg Stoddard, President

AGREED AND ACCEPTED:

DREAMBUILDERS, N.W., INC.
BY: Robert Trent,

GIGS, L.L.C.
BY: Michelle Harris,????

GILBERT-AMERICAN COMPANIES
BY: Lee Gilbert, President

GREGORY & MARTIN, INC.
BY: Michael Martin, President

GUNNISON METAL SHOP, INC.
BY: James Shurtleff, President

HANDLEY HEAT & AIR
BY: Jeff Handley, Owner

HiTECH FIRE DETECTION, INC.
BY: Daniel Cooley, President

INDUSTRIAL RESOURCE GROUP, L.L.C.
BY: Samantha Regnier, Member

INTEGRATED SIGN AND GRAPHIC, INC.
BY: Al Oberst, President

Amari Company, Inc. et al
October 6, 2008
Page twelve of thirteen


AGREED AND ACCEPTED:                    AGREED AND ACCEPTED:


_____                 _____
AMARI COMPANY, INC.,                     DePATCO, INC.
BY: Stephen Amari, President             BY: Greg Stoddard, President


_____                 _____
AMAZING PRODUCTIONS, INC.                DREAMBUILDERS, N.W., INC.
BY: Jose Muniz, President                BY: Robert Trent, President


_____                 _____
BOB O'CONNELL'S RENTAL CENTER,           GIGS, L.L.C.
INC.                                     BY: Michelle Harris, Member
BY: Doug Sharpe, President


_____                 _____
BBQ ISLAND, L.L.C.                       GILBERT-AMERICAN COMPANIES
BY: Mike West, Member                    BY: Lee Gilbert, Owner


_____                 _____
BRADLEY M. GRIFFIN, INC.                 GREGORY & MARTIN, INC.
BY: Sheri Griffin, President             BY: Michael Martin, President


_____                 _____
CHAMBERLAIN INDUSTRIES, INC              GUNNISON METAL SHOP, INC.
BY: Robert F. Chamberlain,               BY: James Shurtleff, President
President


_____                 _____
CHEMSOLUTIONS, INC.                      HANDLEY HEAT & AIR
BY: Frank Mariano, President             BY: Jeff Handley, Owner


_____                 _____
COMPSOLUTION VA, INC.                    HiTECH FIRE DETECTION, INC.
BY: Dennis Kao, President                BY: Daniel Cooley, President


_____                 _____
DAMES AIR, L.L.C.,                       INDUSTRIAL RESOURCE GROUP, L.L.C.
BY: Jack Dames, Member                   BY: Samantha Regnier, Executive
                                         Manager

AGREED AND ACCEPTED:

AMARI COMPANY, INC.,
BY: Stephen Amari, President

AMAZING PRODUCTIONS, INC.
BY: Jose Muniz, President

BOB O'CONNELL'S RENTAL CENTER
BY: Doug Sharpe, ?????

BBQ ISLAND, L.L.C.
BY: Mike West, Member

BRADLEY M. GRIFFIN, INC.
BY: Sheri Griffin, President

CHEMSOLUTIONS,
BY: Frank Mariano, President

COMPSOLUTION VA, INC.
BY: Dennis Kao, President

DAMES AIR, L.L.C.,
BY: Jack Dames, Member

DePATCO, INC.
BY: Greg Stoddard, President

AGREED AND ACCEPTED:

DREAMBUILDERS, N.W., INC.
BY: Robert Trent, President

GIGS, L.L.C.
BY: Michelle Harris,????

GILBERT-AMERICAN COMPANIES
BY: Lee Gilbert, President

GREGORY & MARTIN, INC.
BY: Michael Martin, President

GUNNISON METAL SHOP, INC.
BY: James Shurtleff, President

HANDLEY HEAT & AIR
BY: Jeff Handley, Owner

HITECH FIRE DETECTION, INC.
BY: Daniel Cooley, President

INDUSTRIAL RESOURCE GROUP, L.L.C.
BY: Samantha Regnier, Member

INTEGRATED SIGN AND GRAPHIC, INC.
BY: Al Oberst, President

Amari Company, Inc. et al
October 6, 2008
Page twelve of thirteen

AGREED AND ACCEPTED:

AMARI COMPANY, INC.,
BY: Stephen Amari, President

AMAZING PRODUCTIONS, INC.
BY: Jose Muniz, President

BOB O'CONNELL'S RENTAL CENTER,
INC.
BY: Doug Sharpe, President

BBQ ISLAND, L.L.C.
BY: Mike West, Member

BRADLEY M. GRIFFIN, INC.
BY: Sheri Griffin, President

CHAMBERLAIN INDUSTRIES, INC
BY: Robert F. Chamberlain,
President

CHEMSOLUTIONS, INC.
BY: Frank Mariano, President

COMPSOLUTION VA, INC.
BY: Dennis Kao, President

DAMES AIR, L.L.C.,
BY: Jack Dames, Member

AGREED AND ACCEPTED:

DePATCO, INC.
BY: Greg Stoddard, President

DREAMBUILDERS, N.W., INC.
BY: Robert Trent, President

GIGS, L.L.C.
BY: Michelle Harris, Member

GILBERT-AMERICAN COMPANIES
BY: Lee Gilbert, Owner

GREGORY & MARTIN, INC.
BY: Michael Martin, President

GUNNISON METAL SHOP, INC.
BY: James Shurtleff, President

HANDLEY HEAT & AIR
BY: Jeff Handley, Owner

HiTECH FIRE DETECTION, INC.
BY: Daniel Cooley, President

INDUSTRIAL RESOURCE GROUP, L.L.C.
BY: Samantha Regnier, Executive
Manager

Amari Company, Inc. et al
October 6, 2008
Page twelve of thirteen


AGREED AND ACCEPTED:                    AGREED AND ACCEPTED:


_____             _____
AMARI COMPANY, INC.,                    DePATCO, INC.
BY: Stephen Amari, President            BY: Greg Stoddard, President


_____             _____
AMAZING PRODUCTIONS, INC.               DREAMBUILDERS, N.W., INC.
BY: Jose Muniz, President               BY: Robert Trent, President


_____             _____
BOB O'CONNELL'S RENTAL CENTER,          GIGS, L.L.C.
INC.                                    BY: Michelle Harris, Member
BY: Doug Sharpe, President
                                        _____
_____             GILBERT-AMERICAN COMPANIES
BBQ ISLAND, L.L.C.                      BY: Lee Gilbert, Owner
BY: Mike West, Member

                                        _____
_____             GREGORY & MARTIN, INC.
BRADLEY M. GRIFFIN, INC.                BY: Michael Martin, President
BY: Sheri Griffin, President

                                        _____
_____             GUNNISON METAL SHOP, INC.
CHAMBERLAIN INDUSTRIES, INC             BY: James Shurtleff, President
BY: Robert F. Chamberlain,
President
                                        _____
_____             HANDLEY HEAT & AIR
CHEMSOLUTIONS, INC.                     BY: Jeff Handley, Owner
BY: Frank Mariano, President

                                        _____
_____             HiTECH FIRE DETECTION, INC.
COMPSOLUTION VA, INC.                   BY: Daniel Cooley, President
BY: Dennis Kao, President

                                        _____
_____             INDUSTRIAL RESOURCE GROUP, L.L.C.
DAMES AIR, L.L.C.,                       BY: Samantha Regnier, Executive
BY: Jack Dames, Member                  Manager

Amari Company, Inc. et al
October 6, 2008
Page twelve of thirteen

AGREED AND ACCEPTED:                    AGREED AND ACCEPTED:


_____          _____
AMARI COMPANY, INC.,                    DePATCO, INC.
BY: Stephen Amari, President            BY: Greg Stoddard, President


_____          _____
AMAZING PRODUCTIONS, INC.               DREAMBUILDERS, N.W., INC.
BY: Jose Muniz, President               BY: Robert Trent, President


_____          _____
BOB O'CONNELL'S RENTAL CENTER,          GIGS, L.L.C.
INC.                                    BY: Michelle Harris, Member
BY: Doug Sharpe, President

                                        _____
_____          GILBERT-AMERICAN COMPANIES
BBQ ISLAND, L.L.C.                       BY: Lee Gilbert, Owner
BY: Mike West, Member
                                        _____Michael Martin_____
                                        GREGORY & MARTIN, INC.
_____          BY: Michael Martin, President
BRADLEY M. GRIFFIN, INC.
BY: Sheri Griffin, President

                                        _____
_____          GUNNISON METAL SHOP, INC.
CHAMBERLAIN INDUSTRIES, INC             BY: James Shurtleff, President
BY: Robert F. Chamberlain,
President
                                        _____
                                        HANDLEY HEAT & AIR
_____          BY: Jeff Handley, Owner
CHEMSOLUTIONS, INC.
BY: Frank Mariano, President
                                        _____
                                        HITECH FIRE DETECTION, INC.
_____          BY: Daniel Cooley, President
COMPSOLUTION VA, INC.
BY: Dennis Kao, President
                                        _____
                                        INDUSTRIAL RESOURCE GROUP, L.L.C.
_____          BY: Samantha Regnier, Executive
DAMES AIR, L.L.C.,                       Manager
BY: Jack Dames, Member

Amari Company, Inc. et al
October 6, 2008
Page twelve of thirteen

AGREED AND ACCEPTED:

---

AMARI COMPANY, INC.,
BY: Stephen Amari, President

---

AMAZING PRODUCTIONS, INC.
BY: Jose Muniz, President

---

BOB O'CONNELL'S RENTAL CENTER,
INC.
BY: Doug Sharpe, President

---

BBQ ISLAND, L.L.C.
BY: Mike West, Member

---

BRADLEY M. GRIFFIN, INC.
BY: Sheri Griffin, President

---

CHAMBERLAIN INDUSTRIES, INC
BY: Robert F. Chamberlain,
President

---

CHEMSOLUTIONS, INC.
BY: Frank Mariano, President

---

COMPSOLUTION VA, INC.
BY: Dennis Kao, President

---

DAMES AIR, L.L.C.,
BY: Jack Dames, Member

AGREED AND ACCEPTED:

---

DePATCO, INC.
BY: Greg Stoddard, President

---

DREAMBUILDERS, N.W., INC.
BY: Robert Trent, President

---

GIGS, L.L.C.
BY: Michelle Harris, Member

---

GILBERT-AMERICAN COMPANIES
BY: Lee Gilbert, Owner

---

GREGORY & MARTIN, INC.
BY: Michael Martin, President

---

GUNNISON METAL SHOP, INC.
BY: James Shurtleff, President

---

HANDLEY HEAT & AIR
BY: Jeff Handley, Owner

---

HiTECH FIRE DETECTION, INC.
BY: Daniel Cooley, President

---

INDUSTRIAL RESOURCE GROUP, L.L.C.
BY: Samantha Regnier, Executive
Manager

Amari Company, Inc. et al
October 6, 2008
Page twelve of thirteen


AGREED AND ACCEPTED:


AMARI COMPANY, INC.,
BY: Stephen Amari, President


AMAZING PRODUCTIONS, INC.
BY: Jose Muniz, President


BOB O'CONNELL'S RENTAL CENTER,
INC.
BY: Doug Sharpe, President


BBQ ISLAND, L.L.C.
BY: Mike West, Member


BRADLEY M. GRIFFIN, INC.
BY: Sheri Griffin, President


CHAMBERLAIN INDUSTRIES, INC
BY: Robert F. Chamberlain,
President


CHEMSOLUTIONS, INC.
BY: Frank Mariano, President


COMPSOLUTION VA, INC.
BY: Dennis Kao, President


DAMES AIR, L.L.C.,
BY: Jack Dames, Member


AGREED AND ACCEPTED:


DePATCO, INC.
BY: Greg Stoddard, President


DREAMBUILDERS, N.W., INC.
BY: Robert Trent, President


GIGS, L.L.C.
BY: Michelle Harris, Member


GILBERT-AMERICAN COMPANIES
BY: Lee Gilbert, Owner


GREGORY & MARTIN, INC.
BY: Michael Martin, President


GUNNISON METAL SHOP, INC.
BY: James Shurtleff, President


HANDLEY HEAT & AIR
BY: Jeff Handley, Owner


HITECH FIRE DETECTION, INC.
BY: Daniel Cooley, President


INDUSTRIAL RESOURCE GROUP, L.L.C.
BY: Samantha Regnier, Executive
Manager

Amari Company, Inc. et al
October 6, 2008
Page twelve of thirteen

AGREED AND ACCEPTED:                    AGREED AND ACCEPTED:

_____             _____
AMARI COMPANY, INC.,                    DePATCO, INC.
BY: Stephen Amari, President            BY: Greg Stoddard, President

_____             _____
AMAZING PRODUCTIONS, INC.               DREAMBUILDERS, N.W., INC.
BY: Jose Muniz, President               BY: Robert Trent, President

_____             _____
BOB O'CONNELL'S RENTAL CENTER,          GIGS, L.L.C.
INC.                                    BY: Michelle Harris, Member
BY: Doug Sharpe, President

_____             _____
BBQ ISLAND, L.L.C.                      GILBERT-AMERICAN COMPANIES
BY: Mike West, Member                   BY: Lee Gilbert, Owner

_____             _____
BRADLEY M. GRIFFIN, INC.                GREGORY & MARTIN, INC.
BY: Sheri Griffin, President            BY: Michael Martin, President

_____             _____
CHAMBERLAIN INDUSTRIES, INC             GUNNISON METAL SHOP, INC.
BY: Robert F. Chamberlain,              BY: James Shurtleff, President
President

_____             _____
CHEMSOLUTIONS, INC.                     HANDLEY HEAT & AIR
BY: Frank Mariano, President            BY: Jeff Handley, Owner

                                        _Daniel Cooley - President_
_____             _____
COMPSOLUTION VA, INC.                   HITECH FIRE DETECTION, INC.
BY: Dennis Kao, President               BY: Daniel Cooley, President

_____             _____
DAMES AIR, L.L.C.,                      INDUSTRIAL RESOURCE GROUP, L.L.C.
BY: Jack Dames, Member                  BY: Samantha Regnier, Executive
                                        Manager

AGREED AND ACCEPTED:                    AGREED AND ACCEPTED:


AMARI COMPANY, INC.,                    DREAMBUILDERS, N.W., INC.
BY: Stephen Amari, President            BY: Robert Trent,


AMAZING PRODUCTIONS, INC.               GIGS, L.L.C.
BY: Jose Muniz, President               BY: Michelle Harris,????


BOB O'CONNELL'S RENTAL CENTER           GILBERT-AMERICAN COMPANIES
BY: Doug Sharpe, ?????                   BY: Lee Gilbert, President


BBQ ISLAND, L.L.C.                      GREGORY & MARTIN, INC.
BY: Mike West, Member                   BY: Michael Martin, President


BRADLEY M. GRIFFIN, INC.                GUNNISON METAL SHOP, INC.
BY: Sheri Griffin, President            BY: James Shurtleff, President


CHEMSOLUTIONS,                          HANDLEY HEAT & AIR
BY: Frank Mariano, President            BY: Jeff Handley, Owner


COMPSOLUTION VA, INC.                   HiTECH FIRE DETECTION, INC.
BY: Dennis Kao, President               BY: Daniel Cooley, President


DAMES AIR, L.L.C.,                      INDUSTRIAL RESOURCE GROUP, L.L.C.
BY: Jack Dames, Member                  BY: Samantha Regnier, Member & Vincent Maccare
                                                                            Presiden


                                        INTEGRATED SIGN AND GRAPHIC, INC.
                                        BY: Al Oberst, President
DePATCO, INC.
BY: Greg Stoddard, President

Amari Company, Inc. et al
October 6, 2008
Page thirteen of thirteen


AGREED AND ACCEPTED:                    AGREED AND ACCEPTED:

_____
INTEGRATED SIGN AND GRAPHIC, INC.       KEN ROOT'S INSULATION SERVICE,
BY: Al Oberst, President                INC.
                                        BY: Ken Root, President


_____
JOHN CARDULLO & SONS, INC.
BY: Pasquale Cardullo, President        _____
                                        MSI READY MIX, INC.
                                        BY: Michelle Spilker, President


_____
JRP CONSTRUCTION, L.L.C.,
BY: Jodi Pool, Member                   _____
                                        TRING CORPORATION
                                        BY: Roger Rehm, President


_____
J.V. HANSEL CO., INC.,
BY: John J. Hansel, Vice-President      _____
                                        TRINKS BROTHERS, L.L.C.
                                        BY: Ron Trinks, Member

Amari Company, Inc. et al
October 6, 2008
Page thirteen of thirteen

AGREED AND ACCEPTED:                    AGREED AND ACCEPTED:


_____          _____
INTEGRATED SIGN AND GRAPHIC, INC.        KEN ROOT'S INSULATION SERVICE,
BY: Al Oberst, President                 INC.
                                         BY: Ken Root, President

_____
JOHN CARDULLO & SONS, INC.               _____
BY: Pasquale Cardullo, President         MSI READY MIX, INC.
                                         BY: Michelle Spilker, President


_____          _____
JRP CONSTRUCTION, L.L.C.,
BY: Jodi Pool, Member                    _____
                                         TRING CORPORATION
                                         BY: Roger Rehm, President

_____
J.V. HANSEL CO., INC.,                   _____
BY: John J. Hansel, Vice-President       TRINKS BROTHERS, L.L.C.
                                         BY: Ron Trinks, Member

Amari Company, Inc. et al
October 6, 2008
Page thirteen of thirteen


AGREED AND ACCEPTED:                    AGREED AND ACCEPTED:


INTEGRATED SIGN AND GRAPHIC, INC.       KEN ROOT'S INSULATION SERVICE,
BY: Al Oberst, President                INC.
                                        BY: Ken Root, President


JOHN CARDULLO & SONS, INC.              MSI READY MIX, INC.
BY: Pasquale Cardullo, President        BY: Michelle Spilker, President

JRP CONSTRUCTION, L.L.C.,               TRING CORPORATION
BY: Jodi Pool, Member                   BY: Roger Rehm, President


J.V. HANSEL CO., INC.,                  TRINKS BROTHERS, L.L.C.
BY: John J. Hansel, Vice-President      BY: Ron Trinks, Member

Amari Company, Inc. et al
October 6, 2008
Page thirteen of thirteen


AGREED AND ACCEPTED:                    AGREED AND ACCEPTED:


_____       _____
INTEGRATED SIGN AND GRAPHIC, INC.       KEN ROOT'S INSULATION SERVICE,
BY: Al Oberst, President                INC.
                                        BY: Ken Root, President


_____       _____
JOHN CARDULLO & SONS, INC.              MSI READY MIX, INC.
BY: Pasquale Cardullo, President        BY: Michelle Spilker, President


_____       _____
JRE CONSTRUCTION, L.L.C.,               TRING CORPORATION
BY: Jodi Poll, Member                   BY: Roger Rehm, President

*John J. Hansel*
_____       _____
J.V. HANSEL CO., INC.,                  TRINKS BROTHERS, L.L.C.
BY: John J. Hansel, ~~Vice~~ President  BY: Ron Trinks, Member

Amari Company, Inc. et al
October 6, 2008
Page thirteen of thirteen


AGREED AND ACCEPTED:                          AGREED AND ACCEPTED:

_____          _____
INTEGRATED SIGN AND GRAPHIC, INC.    KEN ROOT'S INSULATION SERVICE,
BY: Al Oberst, President             INC.
                                     BY: Ken Root, President


_____          _____
JOHN CARDULLO & SONS, INC.           MSI READY MIX, INC.
BY: Pasquale Cardullo, President     BY: Michelle Spilker, President


_____          _____
JRP CONSTRUCTION, L.L.C.,            TRING CORPORATION
BY: Jodi Pool, Member                BY: Roger Rehm, President


_____          _____
J.V. HANSEL CO., INC.,               TRINKS BROTHERS, L.L.C.
BY: John J. Hansel, Vice-President   BY: Ron Trinks, Member

Amari Company, Inc. et al
October 6, 2008
Page eleven of thirteen


9. This Agreement will be construed according to the law of Illinois.

10. Except as otherwise specifically provided herein or hereafter
agreed to in writing, each attorney and client who is party hereto
consents to the jurisdiction of the  United States District Court for
the Northern District of Illinois over any and all disputes arising
under this Agreement.

11.  Any notice due or made under this Agreement shall be deemed to
have been made on the date it was faxed, emailed, post-marked or
received by other delivery service.

12. No right of any party to this Agreement can be waived or modified,
except in writing signed by the persons or parties against whom such
waiver or modification is asserted.


                              Sincerely,


                              _____
                              Law Offices of Stephen G. Kehoe
                              BY: Stephen G. Kehoe


                              _____
                              Edelson IP Law Group, Ltd.
                              BY: Leon Edelson


                              _____
                              Michael R. Needle P.C.
                              BY: Michael R. Needle


*Tring will be able to pay $500.00 per month
tward this agreement. RPelin 10/7/08*

Amari Company, Inc. et al
October 6, 2008
Page thirteen of thirteen


AGREED AND ACCEPTED:                  AGREED AND ACCEPTED:


INTEGRATED SIGN AND GRAPHIC, INC.     KEN ROOT'S INSULATION SERVICE,
BY: Al Oberst, President              INC.
                                      BY: Ken Root, President


JOHN CARDULLO & SONS, INC.
BY: Pasquale Cardullo, President      MSI READY MIX, INC.
                                      BY: Michelle Spilker, President


JRP CONSTRUCTION, L.L.C.,
BY: Jodi Pool, Member                 TRING CORPORATION
                                      BY: Roger Rehm, President


J.V. HANSEL CO., INC.,                TRINKS BROTHERS, L.L.C.
BY: John J. Hansel, Vice-President    BY: Ron Trinks, Member

NOV-19-2008 11:41 From:AMARI COMPANY          16038824214          To:18592631093          P.4/4

Oct 30 08 09:11a          Trinks Brothers          -          860-848-1270          p.2

[Date]

Kyle Robinson
Kyle's Discount Stuff
601 North Main Street
McPherson, KS 67460

      Re: Amari Company, Inc. et al v.
      Civil Action No. 07-CV-1425
      U.S. District Court, N.D.Ill.

Dear Mr. Robinson:

    This will confirm that that you have received reviewed the Fee
Agreement dated October 6, 2008 by and among the Law Offices of
Stephen G. Kehoe, Edelson IP Law Group, Ltd. and Michael R. Needle
P.C. and 25 plaintiffs in the above-referenced litigation; that you
wish to join as a plaintiff in this litigation; and that, pursuant to
Section 11.2 of the Fee Agreement, you hereby agree to be bound by the
terms and conditions set forth in the Fee Agreement, to have the same
rights and obligations under the Fee Agreement as every other
plaintiff who is a party thereto. This Agreement will become
effective upon execution by you and the members of the Management
Committee.

                        MANAGEMENT COMMITTEE

                        AMARI COMPANY, INC.,
                        BY: Shelley Amari

                        GILBERT-AMERICAN COMPANIES
                        BY: Lee Gilbert

                        INTEGRATED SIGN AND GRAPHIC,
                        INC.
                        BY: Al Oberst

                        TRINKS BROTHERS, L.L.C.
                        BY: Ron Trinks

AGREED AND ACCEPTED:

NOV-19-2008 11:41 From:AMARI COMPANY          16038824214          To:18592631093          P.2/4

· Oct 30 08 09.11a          Trinks Brothers                                       860-648-1270          p.3

October 29, 2008


Ray Zielinski, Presidet
All About Construction, Inc.
13311 Pinto Lane
Fort Myers, FL 33912

    Re: Amari Company, Inc. et al v.
       Civil Action No. 07-CV-1425
       U.S. District Court, N.D.Ill.

Dear Mr. Zielinski:

    This will confirm that that you have received reviewed the Fee Agreement dated October 6, 2008 by and among the Law Offices of Stephan G. Kehoe, Edelson IP Law Group, Ltd. and Michael R. Needle P.C. and 25 plaintiffs in the above-referenced litigation; that you wish to join as a plaintiff in this litigation; and that, pursuant to Section 11.2 of the Fee Agreement, you hereby agree to be bound by the terms and conditions set forth in the Fee Agreement, to have the same rights and obligations under the Fee Agreement as every other plaintiff who is a party thereto. This Agreement will become effective upon execution by you and the members of the Management Committee.


                MANAGEMENT COMMITTEE



                *Shelley Amari*
                AMARI COMPANY, INC.,
                BY: Shelley Amari



                GILBERT-AMERICAN COMPANIES
                BY: Lee Gilbert


                INTEGRATED SIGN AND GRAPHIC, INC.
                BY: Al Oberst


                TRINKS BROTHERS, L.L.C.
                BY: Ron Trinks

AGREED AND ACCEPTED:

LAW OFFICES
# MICHAEL R. NEEDLE
*A Professional Corporation*

—

1904 WALLACE STREET
PHILADELPHIA, PA 19130
—
215.279.7094
mnjam@hotmail.com


November 17, 2009


Merle Royce
Law Offices of Merle L Royce
217 N. Jefferson, Suite 602
Chicago, Illinois 60602

      Re: Amari Company, Inc. et al v. John Burgess et al
      No. 07 CV 1425 (N.D.IL)

Der Mr. Royce:


    This will confirm, subject to the Local Rules of the Northern District of Illinois and the Court's approval, the following:

    1.   You are hereby engaged as co-counsel in the above-referenced matter and in related litigation contemplated by the existing Fee Agreement among the plaintiffs, certain prospective plaintiffs and me dated October 6, 2008[1] and as local counsel in connection with my admission and appearance in this case pro hac vice.

    2.   You will promptly enter an appearance and designate either yourself or me, as you see fit, as lead counsel.

    3.   I will continue as co-counsel, having already been admitted pro hac vice and entered an appearance. I will use my best efforts to assist and work with you to complete discovery and prosecute this case through settlement or verdict in such other manner as is proper and agreed by us from time to time.

---

   [1] Sixteen of the client signatories to the fee agreement are plaintiffs in Amari v. Burgess. There are four more client signatories who will be filing a separate, related case. Each group is identified in pages 4 and 5 below. Members of the Management Committee are current plaintiffs. There may be other potential plaintiffs who have yet to execute the fee agreement.

EXHIBIT

2

Bumberg No. 5208

Merle Royce
Law Offices of Merle L Royce
November 17, 2009
Page two of five

4. This engagement is pursuant to Section VII[2] of a Fee Agreement dated October 6, 2008 among the plaintiffs and between them and Stephen Kehoe, Leon Edelson and me, which is incorporated by reference herein; will be deemed a part of that Fee Agreement; and is subject to the terms of that Fee Agreement, save to the extent any such term is specifically modified herein.

5. A fully executed copy of the aformentioned Fee Agreement was been supplied to you and has been reviewed by you.

6. You assent to all of its provisions, save to the extent modified by court orders[3] or by this letter.

---

[2]VII. Fee allocations/Additional counsel

1. Each of you agrees that the undersigned counsel shall have the right to engage additional counsel to assist in this ligation as they see fit; provided, however, that additional counsel agrees to participate on the terms and conditions of this Agreement and that his/her addition does not alter your rights and obligations under this Agreement.

2. The allocation among counsel, including any additional counsel, of any fee due under this Agreement, including the retainer portion of the Litigation Fund, will be determined by counsel with the consent of the Management Committee, which shall not be unreasonably withheld. Any disputes among counsel shall be resolved by them in such manner as they agree. No such dispute will interfere with or delay the distribution of any portion of any recovery due to any of you.

3. Each of you has the right to retain separate, additional counsel at any time to advise or appear for you, provided that each of you shall be sole and entirely responsible for any fees or expenses charged by such counsel.

---

[3]Leon Edelson withdrew as counsel pursuant to court order. Seven of the client signatories to the Fee Agreement were dismissed with prejudice by court order. Stephen Kehoe was granted leave to withdraw, subject to serving as local counsel for up to sixty days.

Merle Royce
Law Offices of Merle L Royce
November 17, 2009
Page three of five

7. This will further confirm the agreement between and you me as co-counsel, pursuant to Section VII.2 of the Fee Agreement, to divide or allocate any fees due under the Fee Agreement as follows, including any fee fee in any "second wave"s suit mentioned in footnote 1, as follows:

A. Unless and until otherwise agreed in writing signed by both of us, any fee due pursuant to Section IV.1[4] will be divided as follows: half of any such fee will be divided equally, regardless of time or effort of either of us, and the second half of any such fee will be divided in proportion to the time you and I have spent on this matter, regardless of any hourly rate.

B. Any fee petition filed in this case for an award of fees under the fee-shifting provision of RICO, will be filed jointly by us and request a joint award to us, with any award to be divided as stated in subparagraph A.

C. Subparagraphs A and B will apply to any fee petition filed and fees awarded in the event there is a settlement which involves the certification of a class and the creation of commmon fund to compensate any such class.

D. Any retainer paid pursuant to Section V.2, will be quarterly and divided in proportion to our work on this case, including any second wave suit mentioned in footnote 1, during the preceding quarter, regardless of any hourly rate.

E. Unless otherwise agreed in writing by us and approved in writing by the Management Committee, any award of fees as a sanction under any Rules of Civil Procedure or provision of Title 28 of the U.S. Code will be paid into the Litigation Fund established by Section V.2[5] of the Fee Agreement.

---

[4]V1.1 states: We will be entitled to a contingent fee equal to the greater of: (A) any fee paid to us pursuant to a judgment and award of fees under the RICO or other fee shifting statute or pursuant to any settlement agreement, or (B) one-third of any recovery actually received, with the recovery to be computed as any and all damages, treble damages, punitive damages, costs, expenses, attorney's fees or other compensation actually paid, whether pursuant to settlement agreement or judgment, less any retainer paid pursuant to Section V below.

[5]V.2 provides for a retainer to be paid out of the Litigation Fund against any contingency fee or fee shifting award as follows: . "as small practitioners, we cannot afford to spend the time involved in properly litigating this case without a contribution to our overhead (office expense, utilities etc) in the amount of $160,000 over three years."

Merle Royce
Law Offices of Merle L Royce
November 17, 2009
Page four of five

8. This letter agreement is subject to review, approval and execution in the place provided on page five by the the members of the Management Committee constituted by the Fee Agreement -- namely, Shelley Amari of Amari Company, Inc., Lee Gilbert. of Gilbert American Companies, Albert Oberst of Integrated Sign & Graphic, Inc. and Ron Trinks of Trinks Brothers LLC.

Please countersign this letter in the places provided below and return an executed copy to me. I will then supply you with a fully executed copy bearing the signatures of the Management Committee.

Thank you for your interest and willingness to participate in this case and for the assistance you have already rendered. I look forward to working with both of you to bring it (including any related case) to a successful conclusion. I assure you that all of the clients do as well.

Sincerely,

MICHAEL R NEEDLE

MRN/mn
enc

AGREED AND ACCEPTED:

Merle Royce
LAW OFFICES OF MERLE ROYCE

Merle Royce
Law Offices of Merle L Royce
November 17, 2009
Page four of five


APPROVED, AGREED AND ACCEPTED:

APPROVED, AGREED AND ACCEPTED:


AMARI COMPANY, INC.,
BY: Shelley Amari, Comptroller

GILBERT-AMERICAN COMPANIES
BY: Lee Gilbert, Owner

INTEGRATED SIGN AND GRAPHIC, INC.
BY: Al Oberst, President*

TRINKS BROTHERS, L.L.C.
BY: Ron Trinks, Member*