**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MERLE L. ROYCE**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 259 |
| | ) | |
| **MICHAEL R. NEEDLE, P.C.**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

During yesterday's status hearing in this complex case this Court reiterated its view that the key issue that is likely to prove dispositive of the principal matter in dispute is whether the attorneys' fees payable to counsel out of the agreed-upon settlement amount in the underlying case are as specified in Subsection (A) or instead in Subsection (B) of Section IV.1 of the October 6, 2008 agreement between the now-opposed lawyers and their clients. That discussion eventuated in this Court's setting a July 17 date for one of the lawyers now engaged in combat, Michael Needle, to respond to two motions respectively attacking Counts III and IV of his Counterclaim on that subject.

This memorandum order, however, relates to another subject discussed at the status hearing: an effort to sort out, from the welter of other pending motions in the case, which of them could appropriately be closed out (even temporarily) while the motions discussed in the preceding paragraph are in the works and under consideration, whereas others ought to be treated as simply continued during that deliberative process. That discussion led to this Court's ordering the current termination of a number of those other motions -- Dkt. Nos. 48, 78, 85, 86 and 91 --

while this Court asked each of the parties to look at the other pending motions to see whether any could be cleared away as underbrush for the present. This Court will await input from the parties' in that respect, but in the meantime in holds that Dkt. No. 42 filed April 20, 2015, captioned "Motion To Stay Proceedings as to Allocation of the Amari Suit Plaintiffs' Shares of the Amari Suit Recovery," should obviously be granted as well. Because that allocation will necessarily be impacted by the resolution of the fee dispute discussed in the first paragraph of this memorandum order (and perhaps because considerations of mediation and arbitration may become applicable as well), it makes no sense for such allocation proceedings to take place at this point. Hence this Court grants the Dkt. No. 42 motion as well.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 18, 2015