**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MERLE L. ROYCE,  plaintiff | ) |
| | ) NO. 15-CV-00259 |
| vs. | ) Judge Milton I. Shadur |
| | ) Mag. Judge Sheila M. Finnegan |
| MICHAEL R. NEEDLE P.C., et. al., defendants | ) |

**ROYCE'S OPPOSITION TO MICHAEL R. NEEDLE'S MOTION FOR LEAVE TO
FILE PRO HAC VICE**

Now comes plaintiff Merle L. Royce ("Royce"), by his attorneys, and opposes Michael

R. Needle's ("Mr. Needle's") motion for leave to appear pro hac vice [#170].  In support, Royce

states as follows:

1.       This case has already been significantly delayed by the withdrawal of counsel for

defendant-counterplaintiff Michael R. Needle, P.C. ("Needle P.C."), the motion for withdrawal

having been filed on August 11, 2015 [#124] and granted on August 28, 2015 [#148].  Any delay

is not in the interest of Royce as until there is a final resolution of Counts III and V of Needle

P.C.'s counterclaim against him, whether in the form of the outstanding First Amended

Counterclaim [#76] or the proposed Second Amended Counterclaim filed on July 30, 2015

[#106], Royce cannot recover his share of the attorneys' fees to which he is entitled for his very

substantial work on the case from the time of his admission in late 2009 through the settlement

four years later in December 2013 and thereafter.

2.       Nevertheless, notwithstanding that he clearly has no interest in any further delay,

it is still incumbent upon Royce to object to Mr. Needle's motion for leave to appear pro hac vice

as Mr. Needle's appearance would violate the "advocate-witness rule".  ABA Model Rule 3.7(a)

provides that "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a

necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony

1

relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."

3.       In Cerros v. Steel Technologies, Inc., 398 F.3d 944, 953 (7th Cir. 2005), the Seventh Circuit noted that these exceptions amounted to "limited circumstances".  In Gusman v. Unisys Corp., 986 F.2d 1146 (7th Cir. 1993), the Seventh Circuit also noted that the "roles of attorney and witness usually are incompatible" and a bad idea to boot:

The roles of attorney and witness usually are incompatible. A witness is supposed to present the facts without a slant, while an attorney's job is to advocate a partisan view of the significance of the facts. One person trying to do both things is apt to be a poor witness, a poor advocate, or both.

Id. at 1148 (citations omitted).

4.       The title and nature of each of the Counts in the current First Amended and proposed Second Amended Counterclaim remain the same.  Each of Counts I  (Constructive Trust), Count III (Declaratory Judgment Regarding Division Of Attorneys Fees which in part purports to have declared unenforceable that part of the November 17, 2009 fee agreement between Royce and Needle P.C.), V (Misrepresentation and Omission),  and VI (Conversion) goes well beyond, and precludes the (a)(2) exception for, "testimony [that] relates to the nature and value of legal services rendered in the case".[1]  Also, all such Counts are contested, precluding the (a)(1) exception for "testimony that relates to an uncontested matter".

5.       Needle P.C. has requested a jury trial.

6.       There is no real separation between Mr. Needle and his Needle P.C.  In Needle P.C.'s proposed second amended answer to paragraph 9 of Royce's Interpleader [#106], Needle

---

[1] Count IV of course has been dismissed with prejudice. That dismissal would appear to ipso facto render dismissable, at minimum, that part of Count II to the extent it purports to limit each plaintiff's respective recovery to the amount of their purported "damages" as the aggregate recovery for plaintiffs under Section IV.1(B) of the October 6, 2018 Fee Agreement is based upon a percentage of the recovery.

P.C. admits that Mr. Needle "is and has been at all relevant times the sole attorney, shareholder, officer and employee of Needle" (emph. added).

7.      The jury, like everyone else, will know and believe that Mr. Needle is in effect representing himself, and will be confused and misled by the merging of the two roles.  Among other things, the jury will have a hard time deciding "whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof" and this will be to the prejudice Royce. As Comment 2 to Rule 3.7(a) states:

[2] The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

And as the Seventh Circuit noted in U.S. v. Jones, 600 F.3d 847, 861-862 (7th Cir. 2010), "the rule recognizes the danger that an attorney might not be a fully objective witness, as well as the risk that a jury could confuse the two roles when deciding how much weight to accord to a testifying attorney's statements".  The "danger" that Mr. Needle "might not be a fully objective witness" also is particularly applicable here (see paragraph 10 below).

8.      Indeed, the risk of confusion applies even to pre-trial proceedings.  Thus, at an oral argument the Seventh Circuit found itself "mired in this very uncertainty" of whether the attorney is giving "proof" or "an analysis of proof".  Cerros, 398 F.3d at 953.  "Counsel's statements at argument, perhaps more aptly characterized as testimony", said the court, "raise serious concerns under Indiana Rule of Professional Conduct 3.7(a). . .  The comment accompanying Rule 3.7 cautions that, when an attorney fails to comply with this Rule, '[i]t may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof,' and we found ourselves mired in this very uncertainty at argument".

3

9.      In addition, Needle's testimony in favor of the contested Counts will be

vigorously contested by Royce (and we expect by other witnesses), a substantial factor in

precluding the (a)(3) exception.  As Comment 4 states:

[4] Apart from these two exceptions, paragraph (a)(3) recognizes that a balancing is required
between the interests of the client and those of the tribunal and the opposing party. Whether the
tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the
nature of the case, the importance and probable tenor of the lawyer's testimony, and the
probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is
risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must
be given to the effect of disqualification on the lawyer's client. It is relevant that one or both
parties could reasonably foresee that the lawyer would probably be a witness. The conflict of
interest principles stated in Rules 1.7, 1.9 and 1.10 have no application to this aspect of the
problem.

10.      The Court need only look at Count V for alleged misrepresentations and

omissions to see the sharp conflict between Needle P.C. and Royce.  Another example of the

sharp conflict (as well as the unobjective testimony expected from Mr. Needle) is Needle P.C.'s

allegation in ¶ 59 of his initial Counterclaim [#25], since abandoned in later filings as an express

allegation, that from the time Royce filed his appearance, Needle performed an estimated "95%

of attorney work in the case"--- to which Royce responded in his Memorandum In Support Of

Rule 12(f) Motion To Strike Certain Parts of Needle's Answer by requesting the Court to take

judicial notice of all of the attached filings in the underlying case signed by Royce and/or Needle

[#51, pp. 5-6 and footnotes].  Another example of such sharp conflict is Needle's allegation in

paragraph 42 of his initial answer, also since abandoned as an express allegation, that Royce's

time sheets that were provided to Needle "do not exist . . . [and] grossly overstate his time and

are predicated on a fictitious hourly rate".

11.      The Seventh Circuit summarized these issues in Jones, 600 F.3d at 861-862:

The advocate-witness rule generally bars a lawyer from acting as both an advocate and a witness
in the same proceeding except under special circumstances. United States v. Marshall, 75 F.3d
1097, 1106 (7th Cir.1996); United States v. Ewing, 979 F.2d 1234, 1235–36 (7th Cir.1992). FN5

The rule "articulates the professional impropriety of assuming the dual role of advocate and witness in a single proceeding [and] has deep roots in American law." <u>United States v. Johnston</u>, 690 F.2d 638, 642 (7th Cir.1982). The rule recognizes the danger that an attorney might not be a fully objective witness, as well as the risk that a jury could confuse the two roles when deciding how much weight to accord to a testifying attorney's statements. See <u>United States v. Morris</u>, 714 F.2d 669, 671 (7th Cir.1983); see also <u>Ewing</u>, 979 F.2d at 1236.

Accordingly, Royce opposes Mr. Needle's motion for leave to appear pro hac vice

[#170].

MERLE L. ROYCE

By:     /s/ Alan R. Borlack
        Alan R. Borlack
        Bailey Borlack Nadelhoffer LLC
        135 South LaSalle, Suite 3950
        Chicago, Illinois  60603
        Phone: (312) 629-2700
        Fax:    (312) 629-0174
        e-mail: aborlack@bbn-law.com

## CERTIFICATE OF SERVICE

I, Alan R. Borlack, an attorney, hereby certify that on October 9, 2015, I filed the foregoing with the Clerk of the Court and served such filing via the Court's ECF system to all attorneys of record in this matter.


/s/ Alan R. Borlack
    Alan R. Borlack