IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MERLE L. ROYCE**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15 C 259 |
| **MICHAEL R. NEEDLE, P.C.**, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This matter is before this Court on the Stipulated Dismissal of Claims as between Merle R. Royce ("Royce") and the Amari Group Parties ("Amari Parties" or "Amari") on the one hand and Cafferty Clobes Meriwether & Sprengel LLP and one of its attorneys, Anthony F. Fata, (collectively "CCMS") on the other hand. Their joint submission of a Proposed Order to implement their agreement has been the subject of a Response filed on March 21 by attorney Michael Needle ("Needle"), purportedly on behalf of Michael R. Needle, P.C. ("Needle, P.C."), a professional corporation of which he is the President and sole member.[1] Although there have been a number of other disputes in this contentious litigation that have occasioned further filings by the litigants since that time, none has borne on the issues dealt with here, so that the current entry of this memorandum order rather than the Proposed Order is appropriate.

---

[1] As Finding 3 later explains, Needle, P.C. has been without counsel representing it for over 5 months -- part of the obstructionist tactics employed by Needle in this litigation. With Needle himself not having been given leave to represent his corporation in this action for legal reasons not necessary to elucidate here, the Response referred to in the text is treated as Needle's personal submission (he is admittedly its author).

This memorandum order is based on the following Findings as to the relevant background in this action:

1. On February 2, 2016[2] this Court issued a memorandum opinion and order "February 2 Opinion," Dkt. No. 211) that granted in part the Rule 11 motions for sanctions filed by Royce and the Amari Parties against CCMS as well as its former client, Needle, P.C.

2. On February 12 this Court conducted a status hearing and requested that the parties attempt to come to agreement on the amount of sanctions to be awarded (the legal fees incurred in opposing the Rule-11-violative filings) and on the structure for the payment of those sanctions. Then on February 23 Amari, Royce and their respective attorneys filed fee petitions aggregating a total of $154, 285.70, an amount as to which CCMS has taken no position.

3. Although CCMS withdrew from representing Needle, P.C. in August 2015 and although the representation by CCMS's successor as Needle, P.C.'s counsel was also terminated after a short period (on November 10, 2015), Needle, P.C. has not designated a further successor during the over-5-month period since that date. Thus Needle, P.C. did not appear at the February 23 status hearing, nor did Needle, its President and sole member, seek to do so on its behalf. Until March 21, when a Response to Proposed Order tendered by Needle individually (see n.1) was delivered to this Court's chambers as ordered by this Court's March 14 memorandum order, with copies of that Response being transmitted to Amari, Royce and CCMS, neither Needle, P.C. nor Needle personally had been in communication with any of them with respect to the issues arising from the February 2 Opinion or subsequent proceedings.

---

[2] Because all but two dates referred to in this memorandum order are 2016 dates, no further references to the year 2016 will be included in the dates listed.

4. Royce has agreed that Needle, P.C. will be due attorneys' fees out of the existing escrow of settlement funds of at least 50% of the sanction amounts respectively requested by the Amari Group and Royce. That is, Needle, P.C. will be due a total of at least $77,142.85 in attorneys' fees.

5. Both the Amari Parties and Royce have agreed to give up their requests for joint and several liability as to the award of sanctions so long as this Court (a) finds that Needle, P.C. is liable for 50% of the Amari Parties' requested sanction fee and 50% of Royce's requested sanction fee (that is, liable for an aggregate of $77,142.85) and (b) directs Royce, as escrow agent, to pay Needle, P.C.'s sanctioned amounts aggregating $77,142.85 to the Amari Parties and to Royce out of Needle, P.C.'s share of attorneys' fees held by Royce in escrow.

6. Solely in an effort to resolve this matter amicably and without any admission of liability on the merits of the parties' respective positions, and to avoid the expense of further litigation and the uncertainty and expense of appeals, Amari, Royce, their respective attorneys and CCMS have entered into a Confidential Settlement Agreement pursuant to which CCMS has agreed to pay an equivalent aggregate sum certain ($77,142.85) to Royce and the Amari Parties in full satisfaction of its obligations to pay attorneys' fees and expenses under the February 2 Opinion and this memorandum order.

7. It is the desire of Amari, Royce and their respective attorneys to resolve, fully and forever, all claims and defenses that they have, whether asserted or not, against CCMS arising from the February 2 Opinion or any other aspect of this litigation. It is similarly the desire of CCMS to resolve, fully and forever, all claims and defenses that they have, whether asserted or not, against Royce, Amari and their respective counsel arising from the February 2 Opinion or any other aspect of this litigation.

8. This Court has given careful consideration to the Needle Response referred to in the opening paragraph of this memorandum order. It has issued a detailed memorandum opinion and order on March 28 that finds the arguments proffered in that Response so totally lacking in merit that the succinct preview of coming attractions at page 2 of that opinion stated:

> Indeed, those arguments are largely akin to heaping Pelion upon Ossa: Needle's current response to the sanctions-enforcement Proposed Order could well be sanctionable in itself.

There is no need to repeat in these Findings the reasons for rejecting Needle's proposed alternative to the agreement referred to in Findings 4 through 7. In brief, this Court summarily rejects that proposal.

Based on those Findings, it is hereby ordered that:

1. Royce's and the Amari Parties' Fee Petitions are granted in the aggregate amount of $154,285.70. Each of CCMS and Needle, P.C. is liable for 50% of that amount ($77,142.85).

2. Upon payment by CCMS of its 50% share of that aggregate amount, as set forth in the Confidential Settlement Agreement, CCMS shall have no further obligations or liability to Amari, Royce and their respective attorneys arising from the February 2 Opinion, and Amari, Royce and their respective attorneys shall have no further obligations or liability to CCMS.

3. All claims and defenses (a) that were or could have been asserted by Royce, Amari or their attorneys against CCMS in this litigation, or (b) that were or could have been asserted by CCMS against Royce, Amari or their attorneys in this litigation, are hereby dismissed with prejudice or forever

released as provide d for in the Confidential Settlement Agreement, with those parties to bear their own respective attorneys' fees and costs.

4. Royce, as sole escrow agent of an escrow account over which this Court has jurisdiction, is directed to pay 50% of the aggregate amount referred to above (that is, $77,142.85) from Needle, P.C.'s share of attorneys' fees held by Royce as escrowee, in satisfaction of Needle, P.C.'s liability pursuant to the February 2 Opinion and this memorandum order. That payment shall be allocated $20,874.86 to the Amari Parties' attorneys, Tenney & Bentley, LLC, and $56,267.99 to Royce's attorneys, Bailey Borlack Nadelhoffer LLC.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 18, 2016