IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MERLE L. ROYCE**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 259 |
| | ) |
| **MICHAEL R. NEEDLE, P.C.**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Michael R. Needle, P.C. ("Needle, P.C.") and Michael Needle personally have recently sought to establish, and continue to engage in, a practice that not only muddies the distinction between them in this litigation but also avoids their obligations to provide a court record of actions and positions that they take on matters before this Court. That has taken the form of a continuous resort to e-mail communications rather than court filings, and in the interest of maintaining a proper record in this complex and multifaceted litigation this Court orders that each of them cease that practice and follow the regular course of litigation proceedings by placing all of their case-related filings on the court record.

Although the ultimate effect of the most recent example of that improper practice is not meaningful, it is illustrative of the more serious problem that can be created by that loose practice when a future question may arise on some substantive issue. At 3:32 p.m. yesterday (June 13) Needle personally transmitted this e-mail to this Court's courtroom deputy Carol Wing:

> Ms. Wing:
> Please inform Judge Shadur that I do **not** oppose Mr. Borlack's second motion to supplement the record (Dkt 314), returnable tomorrow
> Hopefully no appearance is necessary. All counsel are copied.

>     Thank you for your attention to this.
>     Michael R. Needle

That statement of nonopposition (note Needle's use of the first person singular "I," an unacceptable blurring of his individual persona with the professional corporation that is named as the party defendant in this action) is not a matter of record because of the means chosen by Needle to transmit the message. Indeed, it is particularly ironic for Needle to have chosen to follow such an unprofessional practice, for Needle, P.C.'s June 10 filing of Dkt. No. 322, which is its brief in opposition to the Amari Group's pending motion to dismiss Needle, P.C.'s cross claims, has just engaged in an extensive discussion -- much in the nature of a lecture -- setting out Needle's views on the professional responsibilities of lawyers.[1]

In any case, this is not the time to explore and deal with the numerous flaws in the actual filings of record by Needle, P.C. and Needle individually. To return to the point of beginning, both are ordered to cease the practice of non-record communications on matters (large or small) relating to this convoluted litigation.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 14, 2016

---

[1] This memorandum order leaves for another day the inaccuracy of a number of those views in the context of this lawsuit, in which (for example) Needle has displayed his own insensitivity to the problem of conflicts of interest, one of the core issues in legal ethics.