## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **MERLE L. ROYCE**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 259 |
| | ) | |
| **MICHAEL R. NEEDLE, P.C.**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

For reasons stated in this Court's extended oral ruling of January 12, based primarily on the protracted failure of Michael Needle, P.C. to comply with this Court's repeated orders to obtain counsel other than Michael Needle ("Needle") himself to act for it in this litigation, coupled with (a) the litigation tactics regularly employed by Needle in this action as well as (b) the false statements previously revealed to have been made by Needle in having sought and having obtained pro hac vice status in the first place:

1. Needle's pro hac vice status is revoked once again.

2. This Court's September 19, 2016 memorandum opinion and order (the "Opinion") is reinstated in all respects, with this Court having ruled, as already stated, that both Needle and Needle, P.C. have failed to comply with the Opinion's express order for a prolonged period of time.

3. In conjunction with the reinstatement of the Opinion in all respects, as referred to in the preceding paragraph, this Court's shorter October 19, 2016 memorandum order (the "Order"), which memorialized an extended oral in-court statement that this Court had made on October 18, is vacated,

once again because of the unjustifiable noncompliance by both Needle and Needle, P.C. with the Order during the nearly three month period that has elapsed since its issuance.

Although a persistent course of conduct on Needle's part (referred to earlier by the euphemistic term "litigation tactics") has not served as a predicate for this or any other order previously entered by this Court, it may be noted that his obstructionist approach to this litigation has been manifested once again in conjunction with the most recent proceeding. Just a brief explanation follows.

First, despite the terms of the December 22, 2016 motion hearing and the resulting minute entry that set a January 12 status hearing on all matters, with Needle being ordered to provide information before that hearing that was missing from his earlier filings as to efforts he had assertedly made to retain counsel for Needle P.C., Needle did not deliver a copy of that response to this Court's chambers until the day before the January 12 hearing (that response, together with its 14 exhibits -- many of them concededly small in pagination -- was somewhat less than 1/2" thick).[1] Although such timing, which gave no real consideration to the fact that the resource in shortest supply in the federal litigation system is a judge's time, created some difficulty, this Court was able to review it in time for the hearing and to consider and deal with it in preparing and reaching its decision to be announced orally during the hearing.

But what is really inexcusable, though it is unfortunately not entirely surprising in having come from Needle, is his delivery to this Court's chambers, no more than a couple of hours

---

[1] According to Needle's forwarding letter to this Court, that response had not been filed in the Clerk's Office until the evening of January 10. No explanation was offered as to that belated submission -- remember that Needle had known of the scheduled January 12 hearing three weeks earlier, on December 22, 2016.

before the January 12 hearing, of a plastic-spiral-bound filing captioned "Michael R. Needle's Second Supplemental Submission Re Obtaining Counsel Pursuant To the Court's 12/22/16 Order (Dkt. 468)" -- nearly 2" thick! -- that this Court had no opportunity to examine, let alone consider, before the hearing.[2] Whatever else Needle may have hoped to accomplish by his thoughtless course of conduct (the use of the term "thoughtless" gives him the benefit of the doubt), its unintended consequence has been to confirm his unsuitability to act pro hac vice as counsel for Needle P.C., and it thus provides a further confirmation of the propriety of revoking his pro hac vice status so that this action can be carried on in a proper manner in all respects.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 13, 2017

---

[2] Even though the case docket and the Clerk's Office's electronic filing record reflect that Needle had filed that "Second Supplemental Submission" in the Clerk's Office at 5:09 p.m. January 11, the day before the hearing, Needle never informed this Court or its chambers staff of the document's existence before the delivery of a copy to chambers shortly before noon on January 12 (this Court had left for lunch just before its delivery) -- and Needle had always known that the status hearing had been scheduled for (and indeed it began at) 1:45 p.m.